This is a divorce case. The wife appeals from a judgment modifying a divorce decree. We affirm.
The parties were divorced in June 1979. They entered into an agreement incorporated into the divorce decree which provided, among other things, that the husband pay $1,100 per month for the support and maintenance of the couple's two minor children.
The wife filed a petition for Rule Nisi in September 1979, alleging the husband's failure to comply with the support provision. The husband was found to be in arrears in support payments in the amount of $1,575 and in contempt of court. He paid the arrearage.
On February 25, 1980, the wife filed another petition for Rule Nisi, again alleging the husband's failure to comply. The husband filed a petition on April 3, 1980, seeking a modification of the support and maintenance provisions of the decree.
The court heard testimony as to the charged contempt of the husband for failure to pay past support payments when due. At the same time it heard testimony upon the petition of the husband to modify the support order because of changed circumstances causing an inability to pay. On May 8 judgment was entered finding support in arrears in the sum of $3,689.60, and that the husband's failure to pay the past-due support was because of his contumacy rather than his inability to pay. He was found in contempt and committed to jail until the contempt was purged by payment of the arrearage. His father paid the arrearage.
On May 30 the court entered judgment on the husband's petition to modify the support order. The court found that the defendant had suffered a great loss of income and employment which constituted a material change of circumstances. The support was reduced from $1,100 per month to $80 per week pending the finding of new employment. The wife contends the judgment modifying the support is inconsistent with the finding and judgment of contempt and therefore erroneous. She appeals.
A short resume of the testimony at the hearing on May 8, 1980, discloses the following. At the time of the divorce in June 1979, the defendant was practicing dentistry in Birmingham. His practice had begun *Page 1042 
to diminish because of his failure to regularly attend to it. His indebtedness was heavy and increasing. Creditors were harassing him and threatening legal action. His attorney advised bankruptcy and termination of his practice. He was duly adjudged a bankrupt and moved into his parents' home. He made some effort to find employment in his profession. Nothing developed and he secured employment in a car wash. He had worked for several weeks prior to the hearing and turned over to the plaintiff most of his salary checks. It was undisputed that he had no funds and no income other than his salary of $60 to $80 per week at the car wash. His father had paid his past-due support payments on the prior occasion when plaintiff charged him with contempt. He had lived with his father and borrowed funds from him since closing his practice. He had a prospect and hope for a job in his profession in Florida.
The plaintiff contended before the trial court, and contends here, that the defendant intentionally and deliberately gave up the practice of his profession in order to avoid payment of the order of child support. Such action was contumacious contempt. The trial court found defendant guilty of that conduct. However, that conduct related to past events, and defendant was purged of that conduct by payment of the delinquent support. There was no appeal from that finding and its correctness is not before this court.
The issue before us is whether the evidence supports the second finding, i.e., that defendant, because of changed circumstances, is now without the financial ability to pay the original amount of support and can reasonably pay only $80 per week.
Our review of the evidence conclusively shows that defendant has been judicially adjudged a bankrupt. He makes a small salary as a laborer in a car wash. He lives with and off the munificence of his parents. The amount of the present order for support exceeds his proven total income. The wife argues that defendant has purposely placed himself in his present menial circumstances to avoid supporting his children. Perhaps such is true, though it is difficult to accept that a man would so intentionally demean himself in order to avoid payment of agreed child support. It is undisputed that he has been paying and is now ordered to pay the entire amount of his earnings from his employment at a car wash. The evidence is without dispute that the husband is now without means of his own to pay the original support order.
Our well-established rule is that the modification of a decree for child support is a matter for the judicial discretion of the trial court. Strother v. Strother,355 So.2d 731 (Ala.Civ.App. 1978). On appeal, this court will not disturb the exercise of that discretion absent our finding, upon review of the evidence, that the trial court's judgment is plainly wrong. Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979). In reviewing the evidence in a case where modification has been granted, our concern is whether there is sufficient proof of a material change in circumstances such that the judgment does not amount to a palpable abuse of the trial court's discretion. 8 Ala. Digest, Divorce, Key No. 309.2 (2).
There is ample evidence to sustain the finding of the court as to changed circumstances and as to the husband's inability to pay the original amount. The judgment therefore is not an abuse of discretion and erroneous.
Finally, the wife's motion for reconsideration was a post-trial motion under Rule 59, ARCP. Papastefan v. B LConstruction Co., Inc. of Mobile, 356 So.2d 158 (Ala. 1978). The grant or denial of such motion rests largely within the discretion of the trial court, and unless the record shows a plain and palpable abuse of that discretion, we will not reverse the court's exercise thereof. Educators' InvestmentCorp. of Alabama v. White, 374 So.2d 905 (Ala.Civ.App. 1979).
The trial court shall, of course, retain jurisdiction over matters incident to the decree.
The wife's request for an attorney's fee for representation on appeal is denied. *Page 1043 
Finding no error in the judgment of the trial court, that judgment is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.