Following a ten-year marriage, the parties were divorced in April 1978 by the Circuit Court of Morgan County. The divorce decree, which incorporated the terms of the parties' written agreement, required the husband to pay to the wife $1,200 per month for child support and alimony. The award was to decrease to $700 per month upon the "death, marriage or the attainment of majority" of the parties' minor son.
In June 1981 the minor son moved in with the husband. The husband unilaterally decreased the amount of support paid to the wife to $700.
In December 1987 the husband filed a motion to modify the divorce decree, seeking to terminate his alimony obligation. Following ore tenus proceedings, the trial court granted the husband's motion. The wife appeals.
Although the wife filed a motion requesting that the trial court find the husband in arrears in his support obligation, the issue presented on this appeal is concerned only with the termination of the wife's alimony.
The dispositive issue is whether the trial court erred to reversal in terminating the husband's alimony obligation.
The matter of alimony is entrusted to the discretion of the trial court. This *Page 745 
court will not set aside that judgment unless an abuse of discretion is established. Waltman v. Waltman, 528 So.2d 867
(Ala.Civ.App. 1988).
The award of periodic alimony may be modified by the trial court upon the showing of a material change in circumstances.Waltman. The burden is upon the party seeking the modification to show that a material change has occurred. Jeffcoat v.Jeffcoat, 423 So.2d 888 (Ala.Civ.App. 1982).
The purpose of periodic alimony is the support of the former dependent spouse. Allen v. Allen, 477 So.2d 457
(Ala.Civ.App. 1985). The trial court may terminate periodic alimony when the former spouse is no longer in need of such support. Allen.
The husband's ability to respond to the wife's financial needs is a major factor in determining whether an award of periodic alimony should be modified. Stewart v. Stewart, 536 So.2d 91
(Ala.Civ.App. 1988).
Where the provision for periodic alimony is based upon the agreement of the parties, as in this case, the decree should be modified only for clear and sufficient reasons after a thorough investigation. Stewart.
In the present case the husband avers that there has been a material and significant change in the circumstances of the parties warranting a termination of his alimony obligation. His position to terminate the alimony is not based on his inability to make the payments financially. Instead, he contends that the wife's marketability in the job market has greatly increased since the divorce due to her procurement of a master's degree in theology.
The record reflects that the husband is a surgeon with an extensive medical practice and that he has remarried. He earned approximately $192,000 in 1987. At the time of the hearing his approximate net worth was $987,000.
The wife earned a degree in sociology and psychology prior to the marriage. She was employed for the first two years of the marriage. After the divorce the wife moved to Nashville and entered the Vanderbilt Divinity School. She stayed in Nashville for one semester and subsequently transferred to Fuller Seminary in Pasadena, California. She earned a master of theology degree from Fuller in 1983. She is an Episcopalian and cannot be ordained until she is called to minister to a church. As of the date of the hearing, she had not received such a call.
Since receiving her graduate degree, the wife has lived in Tennessee, Alabama, Florida, and California. She testified that she has made a diligent search for work in her area of expertise. The search, however, has been to no avail. Since graduation she has primarily worked in voluntary nonpaying positions, relying on her alimony and gifts from her parents for subsistence.
At the time of the hearing the wife was living in Los Angeles, California and was unemployed. Her last employment was with Universal Studios where she worked in the mail center earning $4.35 per hour. This employment lasted one month.
The wife's physician testified in deposition that the wife suffers from cervical disc syndrome, osteoarthritis, and a heart defect. He testified that in her present condition she is totally disabled.
After a thorough investigation of the record, we find that the husband has failed to carry the burden of showing a material change in the parties' financial circumstances. The evidence shows that the wife is in need of support and that the husband is in a financial position to give the needed support. We find no sufficient basis for the trial court's termination of alimony. Accordingly, the determination is reversed.
The wife invites this court to address the question of the continuance of medical insurance coverage because the trial court's order failed to do so. The court's order provided that all relief not expressly granted is denied and overruled. Therefore, the provision in the original decree concerning medical insurance coverage remains in effect. *Page 746 
The judgment of the trial court terminating the wife's alimony is reversed and the cause is remanded for entry of a judgment consistent with this opinion.
The wife's request for an attorney's fee on appeal is granted in the amount of $1,000.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.