The parties were divorced on August 10, 1988. Pursuant to the provisions of a settlement agreement, the divorce decree provided, in part, that the wife, Baylissa Bridges, have the primary custody of the parties' thirteen-year-old daughter (there were three children born of the marriage, but two had already reached majority) and that the husband, William Bridges, pay the wife $500 per month in child support and $2,000 a month in alimony. The decree also provided for the husband to pay all reasonable medical and dental expenses and all reasonable costs for a four-year undergraduate degree for the minor child. A property division agreement was also incorporated into the divorce decree wherein the wife received the parties' residence and the 104 acres on which it was situated free and clear of any encumbrance, a one-half interest each in two business ventures, and assets in the form of an account with a value of $140,000 from the husband's professional association profit-sharing plan. *Page 290 
On May 3, 1990, the wife filed a complaint requesting, among other things, an increase in child support. The husband responded with a counterclaim, requesting that his alimony payments to the wife be terminated or, in the alternative, reduced.
Following an ore tenus proceeding, the trial court entered an order increasing the child support payments from $500 a month to $992 a month pursuant to Rule 32, Alabama Rules of Judicial Administration; however, the trial court failed to rule on the issue of termination or reduction of alimony. After an appeal to this court was dismissed for lack of a final judgment,see Bridges v. Bridges, 598 So.2d 935 (Ala.Civ.App. 1992), the trial court entered an order denying the husband's request for a decrease in alimony payments. The husband appeals, and the wife cross-appeals.
The dispositive issue on the husband's appeal is whether the trial court erred by denying the husband's counterclaim to reduce or terminate his periodic alimony obligation. The wife contends in her cross-appeal that the trial court erred in not increasing the monthly child support payments to an amount exceeding the maximum amount set forth in Rule 32, A.R.J.A.
 I
Periodic alimony may be reduced or terminated by the trial court upon the showing of a material change in circumstances, and the burden is upon the party seeking the reduction or termination to show that such has occurred. Trammell v.Trammell, 589 So.2d 743 (Ala.Civ.App. 1991). Where periodic alimony is based upon an agreement by the parties, as in this case, it should be modified only for clear and sufficient reasons. Trammell. The trial court's decision not to reduce or terminate periodic alimony will not be reversed on appeal unless an abuse of discretion is established. Cox v. Cox, 485 So.2d 767 (Ala.Civ.App. 1986).
In the present case, the husband contends that because the wife has derived income since the divorce by liquidating certain assets; because the wife has a substantial estate which she could further liquidate; and because she has interest income from the $140,000 account, which is now worth $170,000, the trial court should terminate or reduce the award of periodic alimony. The record reflects that the wife sold some timber from the land that she was awarded in the divorce decree and that she also sold a small portion of the land. Otherwise, the record reflects that the wife's present estate consists mainly of what she received in the divorce settlement, which has increased in value through interest income. The wife's success in liquidating assets and real estate is a factor to be considered, but does not in and of itself constitute a material change in circumstances. Ex parte McCracken,576 So.2d 664 (Ala. 1991). The wife testified that she is 51 years old, had graduated from high school, and had attended a junior college for two years. Prior to the birth of her children, the wife was employed as a receptionist for approximately three years. During the marriage, she stayed home to rear the children and continued to stay home with the youngest daughter after the divorce. The wife testified that for the past four years she has suffered from carpal tunnel syndrome in both wrists and lumbar disc deterioration, and that due to her physical condition she is unable to work.
The husband testified that in 1988 his basic salary as a neurosurgeon, after taxes were taken out, was $2,500 every two weeks ($66,000 per year), and that for the first ten months of 1991, his basic salary, after taxes, was approximately $5,469 every two weeks ($142,194 yearly). The record reflects that the husband's adjusted gross income in 1989 was $267,117. The husband's income is a major factor in determining whether an award of periodic alimony should be modified.Trammell.
From a review of the record, we cannot hold that the trial court abused its discretion in denying the husband's request for a reduction or termination of his periodic alimony obligation.
 II
Child support and its subsequent modification are matters which rest within the sound discretion of the trial court. *Page 291 Cook v. Cook, 578 So.2d 1354 (Ala.Civ.App. 1991). Rule 32, A.R.J.A., establishes guidelines for child support payments based on gross monthly incomes up to $10,000 a month. The maximum amount of child support provided under the guidelines for one child is $992 a month.
In this case, the trial court elected not to exceed the maximum amount of child support provided under the guidelines and modified the award of child support from $500 a month to $992 a month. This is not contested by the husband on appeal; however, the wife contends that the trial court erred in "determining that it did not have the discretion or the power to award more than the sum allowed as the maximum under the Rule 32 guidelines." After a thorough search of the record, we cannot find such a statement or entry by the trial court to that effect. This court has previously held that, when the obligor's income exceeds the uppermost figure on the guidelines, the trial court may use its discretion in determining the amount of child support. Cox v. Cox,591 So.2d 90 (Ala.Civ.App. 1991).
Considering the totality of the husband's obligations to the minor child, we cannot find that the trial court's decision not to exceed the guidelines constituted an abuse of discretion.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.