After an ore tenus proceeding, the trial court divorced the parties, awarded the husband all the real property owned by the parties, and awarded the wife $2,500 as alimony in gross. The wife appeals, contending that the trial court erred in awarding the marital home and all the real property to the husband. We reverse and remand.
We note at the outset that an award of alimony in gross is to effect a final termination of the property rights of the parties and is also an approximate appraisal of the present value of the wife's future support. Rogers v. Rogers,473 So.2d 537 (Ala.Civ.App. 1985). There is no mathematical formula for the determination of the amount of alimony in gross, but the facts of each case must be considered. Timsv. Tims, 519 So.2d 558 (Ala.Civ.App. 1987). The award of alimony is a matter within the discretion of the trial court, and its determination not be set aside absent an abuse of that discretion. Cliett v. Cliett, 564 So.2d 997
(Ala.Civ.App. 1990).
Additionally, while the division of property is not required to be equal, it must be equitable. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985). Although it is not the function of this court to substitute its judgment for that of the trial court, Lewis v. Lewis, 494 So.2d 105
(Ala.Civ.App. 1986), the trial court's judgment may be reviewed and revised by this court. Seamon v. Seamon, 587 So.2d 333
(Ala.Civ.App. 1991).
The record reveals that the parties were married on November 1, 1980, and that both had been married previously. The husband owned the marital home and lot and three other lots prior to the marriage. Three of the lots were paid for prior to the marriage, but there was a mortgage on the marital home, with $3,000 or $4,000 remaining to be paid at the time of the hearing.
In March 1982 the husband conveyed joint title to the marital home and the lots to the wife and himself. He agreed when testifying that he transferred the property to joint ownership because the parties were married and because both incomes were being used for the benefit of the family. In February 1983 two additional lots were conveyed to the husband and the wife by deed. The wife testified that these two lots were purchased after the marriage and that she paid one-half of their purchase price. The husband testified that he purchased these two lots in 1978 and finished paying for them in February or March 1983. He stated that $1,600 remained to be paid on the two lots when the parties married and that the wife paid approximately one-third of that amount.
The wife further testified that between the time of the marriage in 1980 and 1987, the funds to purchase the last two lots and to pay the mortgage on the house and lot were taken from the joint account to which both parties contributed. She stated that she paid the bills and that the husband began handling the bills in 1987 primarily with his funds. She also stated that after the marriage, she sold the house that she had owned when she married and spent the *Page 761 
$3,000 equity that she received from the sale of that house to improve the marital residence. She also presented evidence that the total value of the marital home and the lots was $77,700.
The wife testified on cross-examination that she closed a joint savings account and took $1,700 out of the account. In addition, she stated that she and the husband each provided $4,000 toward the purchase of her car and that they shared the monthly payment.
We agree with the wife's contention that the property division made by the trial court is not fair and equitable.
Although the marital home and at least four of six lots were purchased by the husband prior to the marriage, the home was occupied by, and used for the benefit of, both parties. The six lots formed one large parcel of property and were deeded jointly to the wife and the husband. From 1980 until 1987, the parties deposited their incomes into a joint account, from which mortgage payments on the real estate were made. In addition, the wife used the equity from the sale of her previous home to improve the marital home. She worked outside the home and also was primarily responsible for duties within the home.
The husband was awarded all the real estate owned by the parties, with a value of more than $70,000, while the wife was awarded $2,500. Considering that joint ownership of the property had been conveyed to the wife, that the property was used for the common benefit of the parties during the marriage,see § 30-2-51, Ala. Code 1975, and that the wife contributed to the payment of the mortgage on the home and two of the lots, we hold that the trial court should not have considered that the property belonged solely to the husband, and we further hold that the property division was inequitable. Therefore, the judgment is reversed and the cause is remanded for the trial court, after considering the above factors, to enter an order providing for an equitable division of the property.
The husband has requested an attorney's fee for representation on appeal. The request is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.