The parties were divorced by the Circuit Court of Jefferson County in March 1991. The wife was awarded custody of the parties' minor child. She was awarded $25,000 as alimony in gross. The court reserved the right to award periodic alimony to the wife in the future. The husband was ordered to pay child support and was awarded visitation privileges. Other dispositions were made that are not pertinent to this appeal.
In June 1991 the wife filed a petition for modification, requesting, among other things, that the husband's visitation privileges be restricted "to provide that the [husband] not exercise overnight visitation in the presence of a female who is not a relative or married to the [husband]." Following oral proceedings, the court modified the husband's visitation privileges in the following manner:
 "That the [husband] shall not exercise his right of visitation with the minor child of the parties in the presence of a person to whom he is not related by blood or marriage. Said restriction shall not apply and be considered as being applicable to the general public."
In February 1992 the wife filed a second petition to modify, requesting that she be awarded periodic alimony. She insisted that a material change in circumstances had occurred since the judgment of divorce had been entered. She alleged that the husband had filed bankruptcy and that the wife's award of alimony in gross had been discharged by that proceeding. *Page 887 
The husband filed a cross-petition for modification and a petition for rule nisi. He alleged that the wife willfully refused to let him visit with the minor child. He further requested that the court remove the restrictive visitation clause.
Following oral proceedings, the court entered an order awarding the wife $350 per month in periodic alimony. The husband's requested relief was denied. The husband appeals.
The matter of alimony is entrusted to the discretion of the trial court. This court will not set aside that judgment unless an abuse of discretion is established. Trammell v.Trammell, 589 So.2d 743 (Ala.Civ.App. 1991).
The award of periodic alimony may be modified by the trial court upon the showing of a material change in circumstances.Trammell. The burden is upon the party seeking the modification to show that a material change has occurred. Trammell.
The purpose of periodic alimony is to support the former dependent spouse. Trammell. The husband's ability to respond to the wife's financial needs is a major factor in determining whether an award of periodic alimony should be modified.Trammell.
The court initially awarded the wife $25,000 as alimony in gross in lieu of immediate periodic alimony. That award and the debts of the parties, which the husband was also ordered to pay, were discharged by the husband's bankruptcy proceedings. We find that the husband's bankruptcy provided the requisite change in circumstances to support a modification of the original decree as to periodic alimony. The nullification of the in gross award by bankruptcy not only created a need for the wife, but also enhanced the husband's ability to pay. We find no abuse of discretion.
The husband asserts that the trial court erred in refusing to set aside the restrictive visitation clause. He insists that the clause prevents him from "developing an inner-personal relationship with the child and his friends and/or companions."
The husband's interpretation of the clause is much too literal. There is no transcript of the earlier hearing pertaining to this matter. From our review of the pleadings and the instant record, it is apparent that the restriction was meant to apply only to the husband's live-in female companion. The wife concedes as much in her brief on appeal.
If the husband is not comfortable with this court's construction of the restrictive clause, he may petition the trial court for a clarification of its intent.
The judgment of the trial court is affirmed.
The wife's request for an attorney's fee is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.