YATES, Judge,
dissenting.
I respectfully dissent. I think it inequitable, and therefore an abuse of discretion to award the only substantial asset of a 20-year marriage to the husband. I would reverse.
The facts are that in 1987 the parties, after 14 years of marriage, purchased their first home, for $56,000. Both parties signed an $18,000 note and the deed was in both names. The record contained no evidence as to the current value of the home; however, after *1055 payments have been made for six years on the $18,000 note, the balance owing on that note should be drastically reduced. The fact that the husband provided the money for the down payment and made the monthly payments should not be determinative in this instance.
The record revealed a wife who reared, or participated in rearing, eight children. Four of those children were from the husband’s previous marriage and one son was born of this marriage. Three of the children were from the wife’s previous marriage. Evidence also established that throughout the marriage the husband had been away from the home from Sunday until the following weekend, leaving the wife the major responsibility for managing the household. Further, the wife had worked outside the home for most of the marriage. She had worked full-time for the last eight years of the marriage, after all the children, except the parties’ minor son, were grown and had moved from the home.
The evidence did not establish that the wife spent her money solely for personal purposes. Instead, the very limited testimony on this issue indicated that she purchased furniture for the home, and paid dentist and doctor bills for herself and the parties’ minor son.
Considering all the assets divided by the trial court, and the disparity in the incomes of the parties, I find it inequitable for the wife to be awarded no interest in the home, the only substantial asset of the 20-year marriage. Although the division of property is not required to be equal, it must be equitable. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App.1992). I believe the wife’s award was inadequate. See Sketo and Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).