Following oral proceedings, the Circuit Court of Jefferson County divorced the parties. The court awarded custody of the two minor children to the wife, subject to the husband's visitation, and ordered the husband to pay $865 per month in child support and to be responsible for all health insurance and any related deductibles on behalf of the minor children. The issue of college support for the minor children was reserved pending further hearing. The court ordered that the marital residence be sold and that the net proceeds be divided equally between the parties. The court awarded the husband occupancy of the residence and ordered him to pay the mortgages pending its sale. The court awarded the husband all other real property; awarded each party the furniture and furnishings in his or her possession; awarded the wife the 1989 van, subject to the indebtedness thereon; and awarded the husband the 1978 truck and the 1964 automobile. Further, the court ordered the husband to assume and to pay all outstanding joint indebtedness of the parties, to pay $4,000 toward the wife's attorney fees, and to pay all court costs. The court reserved the issue of periodic alimony. The wife's post-judgment motion was denied. She appeals.
The wife contends on appeal that the court abused its discretion in failing to award her periodic alimony and in failing to award her a reasonable sum as alimony in gross. She asserts that the court's award of alimony in gross should include a portion of the husband's retirement plans.
The record reflects that the parties were married in 1968. Three children were born of the marriage. The wife, who is 44 years old, is healthy and has a master's degree in education and history. For a brief period of time during the marriage, she was employed as a teacher, and for the past 17 years she has been employed as a training manager with a department store. Her monthly gross income is approximately $2,253, and her work-related retirement plan currently entitles her to receive $325 per month upon attaining the age of 65. She is also entitled to receive $779 per month in Social Security benefits at that age.
The husband is 46 years old, has some health problems, and is employed as an engineer with a telephone company. His gross income from his employment is $45,000 per year, plus bonuses and overtime. In 1992 his gross income from his employment was approximately $52,980, and in 1991 it was approximately $55,874. He owns approximately 71 shares of stock in the telephone company and earns approximately $370 per month in rental income.
Each year the husband contributes 6% of his gross income to a voluntary 401(k) savings plan. His employer matches his contribution at a smaller percentage, based upon productivity. In the past five years the husband has contributed approximately $16,000 to $17,000, and there is a current balance in excess of $107,000. In addition to the 401(k) plan, the husband will be entitled to receive 19% of his base pay at retirement from his current employer and $800 per month pursuant to a military pension.
The record reveals that the parties originally paid $73,000 for the jointly-titled marital residence. It currently has a first mortgage *Page 466 
with a balance of $45,000 and a second mortgage with a balance of $10,000. The total monthly payment on the mortgages is $1,200. The wife estimated that the residence has a current fair market value of $120,000. The husband testified that it had recently been appraised at $106,000.
The award of periodic alimony and the division of marital property are matters of judicial discretion and will not be reversed on appeal except for palpable abuse. Grimsley v.Grimsley, 545 So.2d 75 (Ala.Civ.App. 1989). Factors which the trial court should consider in determining an award of alimony and in dividing marital property include the future prospects of the parties; their ages, health, station in life, and the length of the marriage; and, in appropriate situations, the parties' conduct with reference to the cause of the divorce.Grimsley. The court should also consider those factors when determining the duration and the amount of alimony. Warren v.Warren, 386 So.2d 1166 (Ala.Civ.App. 1980). The purpose of periodic alimony is to support the former dependent spouse.Trammell v. Trammell, 589 So.2d 743 (Ala.Civ.App. 1991). It is an allowance for the future support of the wife, payable from the current earnings of the husband. Hager v. Hager,293 Ala. 47, 299 So.2d 743 (1974).
After a thorough review of the record with the attendant presumptions, we are unable to conclude that the trial court's reservation of the issue of periodic alimony was error. We note that where the court reserves the issue of periodic alimony for future consideration, the court retains the power to later grant periodic alimony. Broadnax v. Broadnax, 558 So.2d 929
(Ala.Civ.App. 1989).
The wife also contends that the trial court abused its discretion in failing to award her a reasonable sum as alimony in gross. She argues that any award of alimony in gross should include a portion of the husband's civilian and military retirement plans.
Alimony in gross has been defined as the present value of the wife's inchoate rights in the marital estate, dower, homestead, and distributive share. Hager. It is payable out of the husband's estate as it exists at the time of the divorce.Hager.
We have held that funds paid into a retirement plan are an asset which may be considered by the court in effecting an equitable property division or an award of alimony in gross.Nelson v. Nelson, 628 So.2d 798 (Ala.Civ.App. 1993). Until recently, however, retirement benefits were excluded from consideration as a source of alimony in gross or in property division. Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979). Our supreme court expressly overruled Kabaci in Ex parteVaughn, 634 So.2d 533 (Ala. 1993), holding that "disposable military retirement benefits, as defined by10 U.S.C. § 1408(a)(4) [(1988 Supp. II 1990)], accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parteVaughn, 634 So.2d at 536.
On the authority of Ex parte Vaughn, this court recently held that federal pensions are divisible marital property and that it is permissible for the court to order one spouse to provide the other spouse with a survivor's annuity. Landers v. Landers,631 So.2d 1043 (Ala.Civ.App. 1993); see also Fowler v.Fowler, 636 So.2d 433 (Ala.Civ.App. 1994). Previously, this court determined that individual retirement accounts (IRAs) may be awarded as alimony in gross or as a property settlement incident to divorce. Frizzell v. Frizzell, 628 So.2d 871
(Ala.Civ.App. 1993).
In this case, the court entered its final judgment of divorce on May 14, 1993, and entered its order denying post-judgment relief on September 20, 1993. The supreme court released its opinion in Ex parte Vaughn on August 27, 1993. We cannot discern from the record whether the trial court was aware of its newly created discretionary authority to consider disposable military retirement benefits as divisible marital property. Likewise, we cannot determine from the record whether the court regarded the husband's 401(k) plan either as an asset to consider in effecting an award of alimony in gross or as divisible marital property.
In her post-judgment motion the wife mentioned the Uniform Services Former Spouses' *Page 467 
Protection Act (Act), codified in part at 10 U.S.C. § 1408
(1988 Supp. II 1990). The Act, relied upon by the supreme court in Ex parte Vaughn, grants state courts the authority "to consider military retirement benefits as marital property, and, thus, subject to equitable division." Ex parte Vaughn, 634 So.2d at 536.
We do not perceive any reason for treating a 401(k) plan differently than the military retirement and federal pension plans considered in Ex parte Vaughn and its progeny. Therefore, the judgment of the trial court as it pertains to periodic alimony is affirmed, and the judgment of the trial court as it pertains to alimony in gross is reversed and the cause remanded for the trial court to re-examine its determination in light of this opinion.
The wife's request for attorney fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.