YATES, Judge.
The parties divorced in July 1987, after a 30-year marriage. The parties’ divorce judgment incorporated an agreement concerning alimony payments to the wife:
“1. The [husband] shall pay to the [wife] the sum of $400 per week as alimony for a period of sixty (60) months. Said payments shall cease in the event of the [wife’s] remarriage, or the [wife’s] death, or the [husband’s] death, or should the [wife cohabit] with another as husband and wife, whichever event shall first occur. At the end of the sixty-month period, if said alimony payments have not ceased for one ■ of the above listed reasons, the financial situation of the parties shall be re-evaluated annually thereafter to determine if alimony payments should be continued for an additional period of time over and above the sixty months. Said alimony payments may be continued annually thereafter if the [husband] should determine that the financial situation of the parties warrants a continuation of alimony payments on an annual basis thereafter.”
On July 30, 1992, the wife filed a petition seeking to modify the final judgment of divorce to continue the alimony payments.
After a hearing, the trial court entered an order on May 7,1993, stating:
“Because the divorce was by agreement the plain and simple language of that agreement must be upheld as the final judgment of the Court....
[[Image here]]
“At this time, the Court does not find [the husband’s] decision to stop periodic alimony payments to be so unreasonable as to be unconscionable, although there is a great disparity in the income of the parties.”
The wife appeals.
The dispositive issue is whether the trial court erred in finding that the agreement of the parties prevailed over the court’s authority to modify the alimony provision.
The award of periodic alimony may be modified by the trial court upon the showing of a material change in circumstances. Trammell v. Trammell, 589 So.2d 743 (Ala. Civ.App.1991). However, the burden is on the party seeking modification to show that a material change in circumstances has occurred. Jeffcoat v. Jeffcoat, 423 So.2d 888 (Ala. Civ. App.1982). Further, where an award of periodic alimony is based on an agreement of the parties, as here, such an award should be modified only for clear and sufficient reasons, after close scrutiny. Trammell, supra.
The evidence showed that, pursuant to the agreement, the husband paid to the wife $400 a week for 60 months. Under the terms of the agreement, the wife received assets valued in excess of $200,000. The wife was employed, receiving a salary of approximately $13,000 annually, with health insurance and contributions to a pension plan provided. She had purchased a condominium for $75,-000; it was later appraised at $125,000. It was subject to a mortgage securing a debt of $26,000. The wife contends she needs continued alimony payments in order to pay her bills.
There was a great disparity in the income of the parties. The husband’s income tax returns show that he earned $308,000 in 1992 and that during the years 1989 through 1991 he earned over $250,000 each year. He testified that his net worth was between $1 million and $2 million. The husband argues, however, that the wife is capable of supporting herself, given the settlement she received from the divorce and the earnings she receives from her job and the health insurance coverage pension plan it provides.
The trial court had before it evidence of the financial conditions of the parties, as well as other information necessary for making a determination. Considering the presumption favoring the trial court’s judgment, and in light of the evidence, we conclude that the trial court did not abuse its discretion in determining that the husband, acting in accordance with the divorce judgment, was justified in not continuing to pay alimony.
*545 Accordingly, the judgment of the trial court is affirmed.
AFFIRMED
ROBERTSON, P.J., and THIGPEN, J., concur.