678 So.2d 118 (1995)
Billy U. ALBERTSON
v.
Mildred S. ALBERTSON.
2940671.
Court of Civil Appeals of Alabama.
November 17, 1995.
Rehearing Denied January 12, 1996.
Certiorari Denied May 24, 1996.
*119 Lora L. Johnson of L. Sharon Egbert & Associates, P.C., Dothan, for Appellant.
Charles N. Reese of Reese and Reese, Daleville, for Appellee.
Alabama Supreme Court 1950664.
CRAWLEY, Judge.
Following 23 years of marriage, Mildred S. Albertson ("the wife") filed a complaint for divorce against Billy U. Albertson ("the husband"), alleging incompatibility of temperament. After an ore tenus hearing, the trial court divorced the parties on the grounds of incompatibility, made certain property divisions, and awarded the wife periodic alimony in the form of mortgage payments. The husband filed a post-judgment motion, which the trial court denied.
The husband raises three issues on appeal:
(1) whether the trial court abused its discretion in awarding the wife periodic alimony; (2) whether the trial court abused its discretion in its division of the property; and (3) whether the trial court abused its discretion in denying the husband's post-judgment motion, which was supported by evidence that the piano the court had awarded to the wife was not the property of either party at the time of the divorce.
A divorce judgment based on ore tenus evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). This presumption of correctness is based, in part, on the *120 trial court's unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). The division of property and the award of alimony pursuant to a divorce are matters that rest soundly within the discretion of the trial court, and its rulings on those matters will not be disturbed on appeal absent an abuse of that discretion. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App.1992); Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Additionally, "[a] property division and the [award of] periodic alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue." Montgomery, 519 So.2d at 526.
The husband first contends that the trial court's award to the wife of periodic alimony in the form of mortgage payments on the wife's current residence was an abuse of discretion. Specifically, the husband argues that the sole purpose of periodic alimony is to support the spouse, but that in this case the wife was self-sufficient and, therefore, not entitled to periodic alimony. We do not agree. One of the purposes of periodic alimony is to preserve the economic status the parties enjoyed during the marriage. Carnaggio v. Carnaggio, 475 So.2d 861 (Ala. Civ.App.1985). See also Chambliss v. Chambliss, 587 So.2d 406 (Ala.Civ.App.1991). The wife worked outside the home during the 23-year marriage. The record indicates that the wife's salary provided the financial stability for the parties to acquire what they did during the marriage. Additionally, the trial court is allowed to consider the conduct of the parties in determining if it will award periodic alimony. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). The trial court considered these factors and made an equitable division of the property. Accordingly, we conclude that the award of periodic alimony was not an abuse of discretion. See Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993) (property division and award of periodic alimony are considered together to determine whether the judgment is equitable).
The husband also argues that the trial court abused its discretion in its division of property. The husband argues that the wife received the greatest portion of the value of the marital property and, therefore, that the distribution of property was inequitable. The division of property is a matter within the trial court's discretion, and its ruling on that matter will be presumed correct. Montgomery v. Montgomery, supra. The trial court considers several factors in making a property division, including each spouse's earning ability, age, health, and conduct, and the length of the marriage. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). A property division does not have to be equal in order to be equitable. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App.1992).
The record reveals that the court made a reasonable and equitable division of the parties' property. The husband received the proceeds from a judgment, two automobiles, his insurance policies, a lot in Texas, a residence, a mobile home park with all its appurtenances, the proceeds from a note on a lot sold in the trailer park, his stocks, the funds in any bank account or IRA in his name, and a rental property. The trial court ordered the husband to pay an outstanding indebtedness and to pay the mortgage on the residential home, in which the wife was residing at the time of the divorce. The wife received all the parties' property in Oklahoma, a family residence, an automobile, a $16,000 savings bond, the money in her bank account, property in Dale County, a lot in the trailer park, a piano, personal effects, books, the funds in any IRA in her name, a travel trailer, and her life insurance policy. Each party was allowed to retain title to and possession of any personal items in his or her possession, and the court awarded each party his or her own retirement proceeds. Our review of the record persuades us that the property settlement was equitable and, therefore, that the trial court did not abuse its discretion in its property distribution.
The husband further argues that the trial court erred in denying his post-judgment motion regarding the award of the piano to the wife in the property division. The trial court's denial of a post-judgment motion will be reversed if the record shows a plain and palpable abuse of discretion. Phillips *121 v. Phillips, 395 So.2d 1040 (Ala.Civ.App. 1981). The husband argues that the trial court erred in awarding the wife the piano, because, he says, the piano was not the property of either party at the time of the divorce. The record evidence shows that on one occasion during the marriage the husband gave the wife a piano for Christmas. Accordingly, the trial court did not abuse its discretion in denying the husband's post-judgment motion.
Therefore, the trial court's judgment is affirmed.
AFFIRMED.
THIGPEN and MONROE, JJ., concur.
ROBERTSON, P.J., and YATES, J., dissent.
ROBERTSON, Presiding Judge, dissenting.
This court has long recognized that the sole purpose of periodic alimony is the support of the dependent former spouse. Trammell v. Trammell, 589 So.2d 743 (Ala.Civ. App.1991); Waltman v. Waltman, 528 So.2d 867 (Ala.Civ.App.1988). The function of periodic alimony is to provide support to the dependent former spouse until she becomes self-supporting. Harris v. Harris, 543 So.2d 1203 (Ala.Civ.App.1989); Allen v. Allen, 477 So.2d 457 (Ala.Civ.App.1985).
The record in this case reveals that the wife has an income in excess of $30,000 per year. In view of the property division and other factors, the award of periodic alimony at this time was an abuse of discretion; the trial court should have reserved the right to award periodic alimony in the future if the need arises.
YATES, J., concurs.