CRAWLEY, Judge.
James Patrick O’Neal and Elizabeth O’Neal were married on June 18, 1977. In June 1994, the wife sued for a divorce on the grounds of incompatibility. Following an ore tenus hearing, the trial court entered a judgment of divorce. The judgment granted custody of the parties’ minor child to the wife and ordered the husband to pay $1,200 per month child support. The judgment also required the husband to maintain a $1,000,-000 life insurance policy with the wife as beneficiary of $500,000, as long as the wife received alimony payments, and the child as beneficiary of $500,000, as long as the child was a minor or was under the age of 22 and attending college. The trial court also ordered the husband to maintain medical and dental insurance coverage on the parties’ minor child.
The trial court ordered that the marital home be sold and the proceeds divided equally between the parties. Until the sale occurred, the trial court directed that the wife continue to reside in the marital home and that the husband make the mortgage payments and pay the insurance, taxes, and maintenance costs on the home. The trial court awarded the wife $1,500 per month as periodic alimony and the husband was required to pay $7,500 to the wife for her attorney fees. The remaining property was divided according to an agreement between the parties.
The husband raises four issues on appeal: (1) whether the award of periodic alimony was excessive; (2) whether the property division was inequitable; (3) whether the amount of. child support was erroneous; and (4) whether the trial court’s judgment was intended to punish the husband for invoking his Fifth Amendment right against self-incrimination when questioned whether he had been unfaithful to his wife. Upon a review of the record, we affirm the trial court’s judgment.
The record evidence shows that one child was born of the marriage. She is 12 years old and lives with the wife. The wife is employed by the school board of Hoover, Alabama, with an annual salary of $40,000. The wife also has a real estate license, but at the time of trial, the wife had made no real estate sales. The record indicates that the family home was built in 1988 at a cost of $350,000. The home has been on the market since 1993 at a sales price of $560,000, but there has been no buyer. The home has an estimated value of $525,000, and it is encumbered by two mortgages totalling $233,000. The monthly payments on the mortgages total over $2,700.
The husband is a licensed practicing attorney. Over the years, the husband’s income has varied. During 1993 and 1994, the husband left his law firm to work with another attorney on a group of eases, and as a result, his income increased dramatically. The husband’s earned income between 1988 and June 1994 totaled $760,346. His child support obligation income statement for 1993 showed a monthly income of $19,500. During the past several years, the husband borrowed large sums of money from his father, his law firm, and two banks. The husband failed to pay income taxes in 1988 and 1989, and the taxes for those years remained unpaid until 1993 and 1994, when he paid $40,000 and $50,000, respectively. In 1992, the Internal Revenue Service attached and took $6,580 from the wife’s savings account for nonpayment of taxes for the year 1988. The wife testified that when that happened was when she first learned of the tax problems. The IRS subsequently garnished her salary, but the husband secured its release.
In 1994, the husband rejoined his old law firm. At the trial the husband testified that he was not then earning income from his law practice. He testified that his share of the joint expenses of the firm is $5,000 per month. The husband admittedly has assets of $426,827, cash of $82,882, and liabilities of $483,600. The liability consists of judgments, pledges, marital debts, and state and federal taxes due for the years 1993 and 1994.
*164 The first three issues concern the propriety of the trial court’s judgment regarding the award of periodic alimony, the division of property, and the award of child support.
“A divorce judgment based on ore tenus evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). This presumption of correctness is based, in part, on the trial court’s unique position to observe the parties and witnesses firsthand and to evaluate their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). The division of property and the award of alimony pursuant to a divorce are matters that rest soundly within the discretion of the trial court, and its rulings on those matters will not be disturbed on appeal absent an abuse of that discretion. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App.1992); Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Additionally, ‘[a] property division and the [award of] periodic alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue.’ Montgomery, 519 So.2d at 526.”
Albertson v. Albertson, 678 So.2d 118,119-20 (Ala.Civ.App.1995).
The husband first contends that the award of periodic alimony was excessive. This court has long recognized that the purpose of periodic alimony is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage. Alabama’s alimony statutes have their genesis in §§ 1970, 1971, and 1972, Code of Alabama 1852. This statutory scheme has served a crucial legislative policy — to provide alimony upon the demise of a marriage in order to preserve the economic status of the parties as it existed during the marriage. Orr v. Orr, 374 So.2d 895 (Ala.Civ.App.), writ denied, 374 So.2d 898 (Ala.1979), cert. denied and appeal dismissed, 444 U.S. 1060, 100 S.Ct. 993, 62 L.Ed.2d 738 (1980). See also, Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974) (periodic alimony is an allowance for future support of the wife). This court has followed this legislative intent and recognized that the purpose of periodic alimony is to preserve, insofar as possible, the economic status or the status of the parties as it existed during the marriage. See, e.g., Grice v. Grice, 673 So.2d 772 (Ala.Civ.App.1995); Albertson v. Albertson, supra; Duckett v. Duckett, 669 So.2d 195 (Ala.Civ.App.1995); Carter v. Carter, 666 So.2d 28 (Ala.Civ.App.1995) (“Periodic alimony is an allowance for future support of the .[former dependent spouse].... ”); Craft v. Craft, 647 So.2d 781 (Ala.Civ.App.1994); Gibbs v. Gibbs, 653 So.2d 300 (Ala.Civ.App.1994); Laws v. Laws, 653 So.2d 293 (Ala.Civ.App.1994); Hewitt v. Hewitt, 637 So.2d 1382 (Ala.Civ.App.1994); Goeman v. Goeman, 646 So.2d 68 (Ala.Civ.App.1994); Wilbanks v. Wilbanks, 624 So.2d 605 (Ala.Civ.App.1993); Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App.1991); Daugherty v. Daugherty, 579 So.2d 1377 (Ala.Civ.App. 1991); Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App.1989); Kuhnel v. Kuhnel, 535 So.2d 164 (Ala.Civ.App.1988); Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985); Huldtquist v. Huldtquist, 465 So.2d 1146 (Ala.Civ.App.1984); West v. West, 437 So.2d 583 (Ala.Civ.App.1983); Madden v. Madden, 399 So.2d 304 (Ala.Civ.App.1981); Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App.1980).
We acknowledge that recently this court has stated that the sole purpose of periodic alimony is to support the former dependent spouse. See, e.g., Totty v. Totty, [Ms. 2940484, August 4, 1995] — So.2d — (Ala.Civ.App.1995); Newton v. Newton, 655 So.2d 1033 (Ala.Civ.App.1995); Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994); Thornburg v. Thornburg, 628 So.2d 885 (Ala.Civ.App.1993); Trammell v. Trammell, 589 So.2d 743 (Ala.Civ.App.1991). This abbreviated statement found its genesis in Waltman v. Waltman, 528 So.2d 867 (Ala.Civ.App.1988). In Waltman, this court stated that because the sole purpose of periodic alimony is the support of the dependent spouse, the trial court may terminate periodic alimony when it is no longer necessary for such sup *165 port. 528 So.2d at 868. This court reasoned that when periodic alimony is no longer necessary for the support of the former dependent spouse, it may be terminated upon petition of the payor spouse. This reasoning comports with the long-standing purpose of periodic alimony. The abbreviated statement later enunciated in the cases cited above does not comport with the long-standing purpose of periodic alimony. Under this abbreviated statement, any spouse who earns an income sufficient for that spouse to live independent of contributions from the payor spouse, is not entitled to periodic alimony regardless of the economic status of the parties during the marriage. This contradicts the legislative intent of periodic alimony.
The purpose of periodic alimony is to support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage. Under this standard, the trial court’s award of $1,500 per month as periodic alimony to the wife was not an abuse of discretion. The wife’s income of $40,000 is not sufficient to maintain the economic status the parties enjoyed during the marriage. Therefore, the award of periodic alimony was not an abuse of discretion.
The husband also argues that the division of property was inequitable. The trial court considers several factors in making a property division, including each spouse’s earning ability, age, health, and conduct, and the length of the marriage. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). A property division does not have to be equal in order to be equitable. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App.1992). A review of the record demonstrates that the trial court properly considered all the factors set out above. The trial court’s determination was amply supported by the record. There was no plain and palpable abuse of discretion, and the trial court’s judgment, as it regards the property division, is due to be affirmed.
The third issue concerns the award of child support. The award of child support lies within the discretion of the trial court. St. John v. St. John, 628 So.2d 883 (Ala.Civ.App.1993). The husband’s primary contention on this issue is that there is no CS-41 form filed in the record, as required by Rule 32, Ala.R.Jud.Admin. The record evidence clearly shows that the parties’ income far exceeded the maximum amount of income dealt with in Rule 32. Therefore, the amount of child support to be awarded is discretionary with the trial court, and we find the amount awarded in this case to be reasonably related to the child’s needs. Dyas v. Dyas, [Ms. 2940262, August 11, 1995] — So.2d —(Ala.Civ.App.1995). Accordingly, there was no abuse of discretion in the trial court’s award of child support.
The fourth issue is whether the trial court’s judgment was punitive. The husband argues that in entering the judgment the court was punishing him for invoking his Fifth Amendment right when questioned about his fidelity. The record shows that the trial court sustained the husband’s objection to a question about his fidelity during his marriage. The trial then proceeded. No evidence in the record supports the husband’s contention that the trial court’s judgment was affected by his invocation of his Fifth Amendment right. Additionally, the husband has presented no supporting authority for his argument.
The trial court’s judgment is due to be, and it is hereby, affirmed.
The wife’s request for an attorney fee on appeal is denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
MONROE, J., concurs in the result only.
ROBERTSON, P.J., dissents.