L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from an order entered by a trial court upon consideration of a judgment and order of remand from this court after a prior appeal.
The issue presented arose as follows: This court rendered a judgment on appeal in Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). That judgment was primarily one of affirmance of the judgment of the trial court, except for a reversal of the judgment of the trial court as it pertained to an award of alimony in gross for the wife. This court remanded the question of the award of alimony in gross so that the trial court could reexamine its determination of that question in light of our opinion.
An examination of our opinion in Welch will disclose the basis for our order of remand. Such an examination will also disclose the parameter of our remand, i.e., that the trial court merely re-examine the issue of whether an award of alimony in gross should be granted to the wife after considering the recent decision of our supreme court in Ex parte Vaughn, 634 So.2d 533 (Ala.1993), and what we said in Welch.
Subsequent to our order of remand in the first Welch, and before the consideration of remand, the trial judge died. His successor was presented the case. His peremptory consideration and judgment has been appealed and is presently before us. That order is charged by the wife not to be in compliance with our judgment of remand. We agree.
The essence of the order of the trial court entered is that this court entered its order of remand erroneously because in entering our order, we assumed that the trial judge was not aware of the state of the law in Alabama concerning consideration of the value of military and civilian retirement plans in determining the amount of a marital estate.
This court made no such assumption. We considered the fact that the law at the time of the entry of the judgment in Welch remained that of Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979); that Ex parte Vaughn had not been decided then; that this court was then extending the principle of Vaughn to apply to 401(k) retirement plans. Our order was entered simply for the purpose of ensuring that Ex parte Vaughn and the provisions of Welch could be applied to the case if the trial court deemed them applicable.
According to the order of the trial court entered on December 18,1995, in response to the petition of the wife, Clara Jean Welch, the court found that this court erred in its order of remand. The court below stated that it was not inclined to follow the order of *321 this court because to do so would be to second guess the deceased trial judge and to assume that he was not aware of the decision of the supreme court in Ex parte Vaughn. That decision was not final then, but remained subject to rehearing by the supreme court.
The court below then proceeded to inform this court that our assumption in entering our remand was that the trial judge did not know the state of the law when he denied the Rule 59, Ala.R.Civ.P., motion, to set aside, amend, or alter its judgment on the issue of alimony in gross or property division. The present trial judge concluded his order as follows:
“In any event, this court is not inclined to attempt to second guess what the trial judge, who is now deceased, knew or did not know at the time he entered that order. But, to assume that the trial court was unaware of the law is clearly not the law in the State of Alabama. If the Court of Civil Appeals is inclined to change that law, and instructs this court to retry this matter from beginning to end, at great cost to these parties, then it may do so with proper instructions to this court.”
This court does not require instruction from the judge below as to the state of the law in Alabama. Nor do we consider it necessary to change any law and instruct the court to retry this matter from beginning to end. Rather, we do consider it necessary to remind the trial court that we have already directed the trial court as to the course to follow in our remand.
That order of remand is to be followed by the trial court, whether or not that court is “inclined” to do so, unless the order is set aside or overruled by a superior tribunal.
In order that the trial judge may fully understand our order on remand, we say again, “the judgment of the trial court as it pertains to alimony in gross is reversed and the cause remanded for the trial court to reexamine its determination in light of this opinion.” Welch, 636 So.2d 464, 467 (Ala.Civ. App.1994).
The order of the trial court entered December 18, 1995, is hereby reversed and set aside. The trial court is directed to proceed forthwith according to our mandate of March 11,1994.
The wife’s request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.
THIGPEN, J., concurs specially.