On Application for Rehearing

WRIGHT, Retired Appellate Judge.
This court’s original opinion, which was released on April 11, 1997, is withdrawn and the following is substituted therefor:
This is the third time that these parties have been before this court. Welch v. Welch, 680 So.2d 319 (Ala.Civ.App.1996), and Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). In the prior appeals, we reversed the judgments of the trial court that pertained to alimony in gross and remanded the cases, instructing the trial court to re-examine its determination in light of our opinions. A review of our previous opinions in this matter will enlighten the reader as to the history of this case.
Following the second reversal and remand, the trial court entered an order, stating:
“This matter having been returned to this court by the Court of Civil Appeals, and pursuant to this court’s understanding of the appellate court’s instructions, this court has reviewed the record in this matter. The original opinion is, in this court’s judgment, not due to be disturbed. This decision is made, again taking into consideration matters pointed out by the appellate court.”
The wife appeals, contending that the trial court erred in failing to re-examine its award of alimony in gross and in failing to award her a portion of the husband’s military retirement benefits and of his civilian 401(k) retirement plan benefits.
This court has held that funds paid into a retirement fund are an asset that may be considered by the court in effecting an equitable property division or an award of alimony in gross. Powell v. Powell, 628 So.2d 832 (Ala.Civ.App.1993). In dividing marital property, the trial court should consider the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties. Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ.App.1992).
The facts pertinent to this appeal are as follows: The parties were married for 25 years. At the time of trial, the wife was 44 years old and in good health. She was employed as a training manager with a department store. Her gross monthly income was $2,253, and her employer paid one-half of her medical insurance.
The husband was employed with South Central Bell, earning $45,000 per year, plus bonuses and overtime. In 1992 the husband’s gross income was $52,980, and in 1991 his gross income was $55,874. He also owns 71 shares of stock in South Central Bell and earns $370 per month rental income from properties in Mississippi. In 1993 the husband had $107,000 in a 401(k) plan. In addition, at age 60, the husband will be entitled to receive a pension equalling 19% of his base pay and $800 per month in military retirement benefits.
In 1992 the wife and the parties’ minor children moved to Birmingham, where the wife rented an apartment for them. The wife brought approximately 25% of the parties’ household goods with her. The husband kept the remaining household goods.
At the time of trial, there were two mortgages on the marital residence — one with a principal balance of $45,000-47,000 and one with a principal balance of $10,000. The parties owned three vehicles — a 1978 GMC pickup truck, a 1964 Ford Fairlane automobile, and a 1989 Safari van. The parties owed approximately $4,000 on the van; the other vehicles were free and clear of any debt. The wife owed approximately $4,000 on the furniture; she owed the Bank of York $4,000; she owed the Bank of Meridian $2,500; she owed McRae’s Department Store $4,000 for clothing for herself, the children, and the husband; and she owed a credit union $2,500, for a loan which she used for the family’s benefit. She also owed her mother $10,000, which she used for her expenses after the parties’ separation. The husband owed the following debts: Sears— $3,500, Mastercard — $3,800, and a hospital— $2,000. He also claimed to owe his father $10,000.
*181 The record reflects that the husband verbally and physically abused the wife. The husband threatened to kill the wife, and he broke her nose. The husband admitted to drinking one-third to one-half of a fifth of bourbon every night. The wife testified that when she asked the husband to decrease his drinking, the husband replied that his drinking “wasn’t a problem.”
The original trial judge awarded the husband his 401(k) plan, worth $107,000; his retirement benefits from South Central Bell, which will be 19% of his base pay; and his military retirement benefits of $800 per month. The trial court also awarded the husband the properties in Toomsuba, Mississippi, a 1978 GMC pickup truck, a 1964 Ford Fairlane automobile, and the furnishings in his possession. The trial court ordered the marital residence sold and the net proceeds divided equally. The trial court awarded the wife a 1989 Safari van, subject to the $4,000 indebtedness owed to GMAC, and the furnishings in her possession.
In this case the trial court was in no better position than this court to evaluate the demeanor and credibility of the parties, because the trial court did not hear evidence presented ore tenus but reviewed the record, as this court has done. Therefore, we find that the division of property in the original judgment and the confirmation of that judgment after remand by this court is totally inequitable and unfair. We, therefore, reverse the judgment of the trial court as it pertains to the denial of alimony in gross/equitable property division. Our review of the record reveals that after remand, the trial court perfunctorily entered its new judgment without notice to the parties and without giving them an opportunity to be heard.
In view of the trial court’s adamant refusal to follow the directions of this court on remand, and in an effort to avoid further court action on this issue, we direct the trial court to enter a judgmént awarding the wife one-half of the South Central Bell shares of stock, $50,000 of the 401(k) plan, and one-third of the husband’s military retirement benefits through an allotment. We grant the wife’s request for an attorney fee on appeal in the amount of $5,000.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.