After Remand from Supreme Court
WRIGHT, Retired Appellate Judge.
On June 27, 1997, the Supreme Court of Alabama issued its judgment, after certiorari, reversing the judgment of this court and remanding the case to this court for reconsideration in light of our decisions in Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994), and Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App. 1992). In its opinion the supreme court set out a statement of facts related by the appellant in a Rule 39(k), Ala. R. App. P., motion, which was presented to this court in a motion for rehearing after the judgment.
Although this court affirmed the judgment of the trial court without an opinion (that judgment granted a divorce and made a division of property, including alimony in gross), our affirmance was not made without consideration of all the record. We particularly considered recent opinions of the supreme court. In those opinions, which reversed the judgment of this court, the supreme court opined that we had violated the ore tenus rule and substituted our judgment for that of the trial court. Ex parte Patronas, 693 So.2d 473 (Ala.1997); Ex parte Millard, 683 So.2d 1002 (Ala.1996); Ex parte Alabama Dep’t of Human Resources, 682 So.2d 459 (Ala.1996); Ex parte Pielach, 681 So.2d 154 (Ala.1996); Ex parte Bryowsky, 676 So.2d 1322 (Ala.1996); Ex parte Smith, 673 So.2d 420 (Ala.1995); Ex parte Perkins, 646 So.2d 46 (Ala.1994).
Our judgment affirming the judgment of the trial court in this ease was entered with those opinions in mind and with consideration of our review of the record and reasonable inferences drawn therefrom. We did not reach our conclusions from facts related in a Rule 39(k) motion. As we have said many times in other cases, we might not have entered the same judgment had we been the trial judge, but we may not reverse that judgment unless it is palpably wrong or indicates a gross abuse of discretion. We did not find such abuse, perhaps because the record disclosed that the wife left the husband because of an apparently unproved charge of adultery. Approximately one year prior to the parties’ separation, the husband, at the request of the wife, and in an attempt to save the marriage, deeded one-half interest in the marital home to the wife. The wife adamantly refused to continue the marriage, contrary to the desires of the husband and their daughter. She left the home and the beauty shop built for her by the husband and set out to build her own home and place of business. The wife removed most of the furnishings from the marital home, which were worth approximately $37,416, and $20,-000 from the parties’ joint savings account.
The trial court awarded the wife her interest in the 45-aere tract owned jointly with her brother, valued at $22,500; all of the personal property in her possession, valued at approximately $37,416; all savings listed in her name, approximately $28,000; and $20,000 in alimony in gross. The trial court also ordered the husband to maintain COBRA health insurance coverage for the wife, valued at $7,000.
The trial court awarded to the husband the marital home, valued at approximately $65,-000; 84 acres of property, valued at approximately $77,500; farm equipment, valued at $7,650; his separate savings accounts, valued at $15,440; and his retirement benefits. The husband’s division of personal property totaled less than $3,000.
The disparity, in the property division is due primarily to the fact that the husband received 84 acres' of property and the marital home. The record reflects that the property had been in the husband’s family for many years and that he took care of the cows and did all of the farming. The wife chose to leave the marriage and refused marriage *333 counseling. The division of property does not require equality, only equity. Isham v. Isham, 464 So.2d 109 (Ala. Civ. App.1985).
It is the conclusion of this court that we did not depart from Sketo or Welch in this case. We are confused by the following statement made by the supreme court: “Although it is not the function of the reviewing court to substitute its judgment for that of the trial court, the reviewing court may revise the trial court’s judgment.” Ex parte Proctor, 712 So.2d 328, 330 (Ala.1997) (citations omitted).
Having considered the facts as reported in the opinion of the supreme court, and having reviewed the facts contained in the record before the trial court in light of Sketo and Welch, as directed by our supreme court, this court respectfully again affirms the judgment of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.