L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced by the Circuit Court of Montgomery County, Alabama, in August 1990. An agreement, incorporated into a final decree, provided, among other things, that the parties would share joint custody of the three children born of the marriage. The parties agreed that the wife would have physical custody of the two younger children and the husband would have physical custody of the older child. The husband agreed to pay $2,000 per month in child support for the children in the wife’s custody, to pay all costs for the two younger children to attend private school, and to pay periodic alimony to the wife in the amount of $3,000 per month for 23 months. The alimony would be reduced to $2,750 per month for 72 additional months, and thereafter, to $2,500 per month until such time as the wife remarries, cohabits or dies.
In February 1992 the husband filed a petition for modification, requesting, among other things, that he be relieved of his obligation to pay periodic alimony to the wife. After a lengthy hearing, the court entered an order reducing the periodic alimony to $500 per month for 18 months, after which time it would revert to $2,500 per month. The wife filed a motion for a new trial, which was denied. The wife appeals.
The sole issue on appeal is whether the trial court erred in its reduction of periodic alimony.
The award of periodic alimony may be modified by the trial court upon the showing of a material change in circumstances. Trammell v. Trammell, 589 So.2d 743 (Ala.Civ.App.1991). In making its determination, the trial court should consider such factors as the recipient spouse’s financial needs, the amount of the estate of each spouse, the ability of the payor spouse to respond to the recipient spouse’s needs, the ability of each spouse to earn income, and the remarriage of either party. White v. White, 589 So.2d 740 (Ala.Civ.App.1991). The burden is upon the party seeking the modification to show that a material change has occurred. Trammell.
Where the provision for periodic alimony is based upon the agreement of the parties, as in this case, the decree should be modified only for clear and sufficient reasons after a thorough investigation. Trammell.
The record reflects that at the time of the divorce, the husband was self-employed as a physician. He assumed the bulk of the marital debt, the majority of which was represented by a first mortgage in the amount of $271,821 and a second mortgage in the amount of $84,312 on the marital residence. At the time of the modification hearing, the residence had been on the market for approximately one year at a price that would not retire the two mortgages.
The evidence demonstrated that although the husband’s income had increased since the divorce, he did not have sufficient resources to meet the necessary obligations to sustain his medical practice. At the time of the hearing, he was approximately $45,-000 in arrears on his medical equipment loan and his office rent. Additionally, he was obligated to pay a joint debt for X-ray equipment of approximately $22,000, a business loan for working capital of $12,-970, and a preferred line of credit used to consolidate debts of $8,343. He is expending approximately $9,000 per year for college expenses incurred by the parties’ child. He has remarried. He testified that *392 his remarriage has not increased his expenses. The husband’s accountant, after reviewing the husband’s financial records, testified that “overall he is in rather severe financial shape.” The husband testified that if he was unable to obtain some relief, he saw no choice but to file a petition for bankruptcy.
At the time of the divorce, the wife was working part-time for an attorney, earning $10 per hour. In January 1990 the wife graduated from law school and became a member of the bar in October 1990. At that time she became a full-time employee for the attorney at an annual salary of $24,000. At the time of the hearing, the wife’s annual salary had increased to $28,-750. The wife testified that her monthly expenses exceed her income by far. In 1991 her total income was approximately $71,400.
In reaching its determination to temporarily reduce the periodic alimony, the trial court made the following finding:
“The Court has considered the extensive evidence and the applicable laws of the State of Alabama to this cause. The Court concludes that the significant financial problems suffered by the former husband are real although the cause for same is not clear to the Court. The Court cannot conclude that it has been an intent and concerted effort of the former husband to avoid his responsibilities under the Divorce Decree. However, the former husband’s actions constitute ‘choices’ made by him with regard to his finances and that even in those instances where he was unwilling or unable to make choices such actions constitute decisions of the former husband. The Court does not have responsibility or authority to make personal financial decisions for Dr. Marshall or for Mrs. Marshall and the Court is not able to solve the considerable financial problems facing Dr. Marshall. In fact, the Court is not able to see how Dr. Marshall is going to be able to meet all of his personal and professional debts and the Court suggests that Dr. Marshall avail himself of the services of Consumer Counseling Service or some like service. There have occurred material changes in circumstances which require this Court to enter modifications of certain provisions of the Decree of Divorce.”
This court’s review of the record brings us to a conclusion similar to that expressed by the trial court. The husband has so far extended his obligations as to seriously endanger the continuation of his medical practice. If that is lost, his children will suffer the greater loss. The temporary reduction of alimony payments to the wife, though regrettable, presumably will not seriously affect the welfare of the children. This court does not look favorably upon a petition to change a judgment for alimony after only two years, especially when the judgment was based upon an agreement of the parties. Trammell. However, in this case, we accede to the judgment of the trial court. We find no abuse of discretion therein. Mills v. Mills, 545 So.2d 74 (Ala.Civ.App.1989).
The judgment of the trial court is affirmed.
The wife’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.