L. CHARLES WRIGHT, Retired Appellate Judge.
Following a 40-year marriage, the parties were divorced in 1990. An amended judgment of divorce was entered in 1991, awarding the wife $800 per month in periodic alimony. There were subsequent proceedings in 1992. At that time the periodic alimony was reduced to $600 per month. In March 1994 the husband filed a petition, requesting that the alimony be further reduced because he had suffered a substantial decline in income. Following oral proceedings, the trial court refused to reduce the periodic alimony. The husband appeals. The wife did not file a brief with this court.
The sole issue on appeal is whether the trial court erred in refusing to reduce the amount of periodic alimony.
The award of periodic alimony may be modified by the trial court upon the show- *1357 mg of a material change in circumstances. Marshall v. Marshall, 622 So.2d 390 (Ala.Civ.App.1993). In making its determination, the trial court should consider such factors as the recipient spouse’s financial needs, the amount of the estate of each spouse, the ability of the payor spouse to respond to the recipient spouse’s needs, the ability of each spouse to earn income, and the remarriage of either party. Marshall. The burden is on the party seeking the modification to show that a material change in circumstances has occurred. Marshall. A decision to modify periodic alimony lies within the discretion of the trial court and will not be set aside on appeal unless a palpable abuse of that discretion is shown. Maddox v. Maddox, 612 So.2d 1222 (Ala.Civ.App.1992).
At the time of the hearing the husband was 65 years of age, was basically retired, and was drawing Social Security. The wife was 63 years of age and unemployed. Since the divorce she has been using her alimony and funds that she received in the original judgment of divorce to sustain herself. There was no evidence of a substantial change in living expenses of either party.
The husband testified that his taxable income has decreased considerably since 1993. He testified that in accordance with his 1993 tax return, his taxable income had dropped from $37,520 to $12,415 and that his adjusted gross income had dropped from $27,920 to $4,853. There was evidence that the husband owned considerable assets, including a certificate of deposit in the amount of $100,-000, stocks, rental property, real property, and a 123-acre farm. There was also evidence that the husband took depreciation losses on his real estate which adversely affected his adjusted gross income.
In denying the husband’s request to reduce the alimony, the trial court found that “the [husband] has sufficient resources from which to pay the periodic alimony as ordered.” The record supports the trial court’s finding. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.