WRIGHT, Retired Appellate Judge.
The parties were divorced by the Jefferson County Circuit Court on April 18,1989. The trial court ratified, approved, and incorporated into the judgment the agreement of the parties. The agreement provided that the husband was to pay $1,350 per month in periodic alimony until the year 2001, at which time his alimony obligation would be reduced to $1,050 per month. The agreement also provided that the husband’s alimony “payments shall not be reduced for any reason whatsoever.”
In 1990 the husband filed a petition to modify, requesting a reduction in his alimony obligation. On November 17, 1990, the trial court entered a final order, reducing the husband’s alimony obligation to $675 per month. The trial court also ordered the husband to pay a $5,858.74 alimony arrear-age and to pay $1,600 to the wife’s attorney. Neither party appealed from the trial court’s November 17, 1990, final order. Thereafter, the husband remarried.
In 1994 the wife filed a complaint for a declaratory judgment and a petition to modify. She asserted that the trial court’s order of November 17, 1990, was void because the parties’ 1989 agreement provided that the' husband’s alimony obligation was not to be reduced for any reason. She requested that the husband’s alimony obligation be reinstated to $1,350 per month. Following arguments of counsel, the trial court entered a final order, refusing to declare the November 17, 1990, order void and denying the wife’s request to reinstate the husband’s alimony obligation to $1,350 per month. The wife appealed the trial court’s final order to this court, which affirmed, without opinion. Hampton v. Hampton, 682 So.2d 514 (Ala.Civ.App.1996) (table). The wife then filed a petition for a writ of certiorari, which the Alabama Supreme Court denied. Ex parte Hampton, 680 So.2d 1037 (Ala.1996) (table).
In 1996 the husband filed a petition for modification, requesting that the trial court terminate or reduce his alimony obligation, because, he said, he had suffered a stroke, which resulted in permanent physical disabil *951 ities, and was unable to pay his monthly alimony obligation. The wife answered and counterclaimed, asserting that the trial court lacked jurisdiction to modify the husband’s alimony obligation and that the November 17, 1990, final order was void. She requested that the trial court enforce the parties’ 1989 agreement and award her an attorney fee.
Following oral proceedings, the trial court entered a judgment on June 12, 1997, reducing the husband’s monthly alimony obligation to $400 per month. The trial court found that the husband was in arrears in periodic alimony in the amount of $3,501.25 and ordered him to pay that arrearage “at the rate of $100 per month.” The trial court also ordered the husband to pay the wife’s attorney $1,000 for his professional services. The wife filed a post-judgment motion, which the trial court denied.
The wife appeals, contending that the trial court lacked jurisdiction to reduce the husband’s alimony obligation and that the husband failed to establish that a material and substantial change had occurred that affected his ability to pay his periodic alimony obligation.
In Hampton v. Hampton, 682 So.2d 514 (Ala.Civ.App.1996) (table), the wife asserted that the trial court lacked jurisdiction to modify the husband’s alimony obligation, as set forth in the parties’ 1989 agreement. This court rejected the wife’s argument and affirmed, without opinion, the judgment of the trial court. The doctrine of res judicata is well-established law in Alabama. Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990). The application of res judicata requires the following four elements:
“(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987).”
Dairyland Ins. Co., 566 So.2d at 725. Therefore, we conclude that the wife’s argument that the trial court lacked jurisdiction to modify the husband’s alimony obligation is barred by the doctrine of res judicata.
However, the wife specifically argues that the trial court lacked jurisdiction to modify the husband’s alimony obligation because, she says, Article I, § 22, and Article IV, § 95, of the Alabama Constitution of 1901 and Article I, § 10, Clause 10, of the United States Constitution prohibit the legislature from passing a law that would impair a contract obligation of a citizen of Alabama.
Our appellate courts have addressed the power of a court to modify a divorce judgment that incorporates an agreement between the parties. Ex parte Owens, 668 So.2d 545 (Ala.1995); Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967); Kirkpatrick v. Smith, 500 So.2d 8 (Ala.Civ.App.1986); Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App.1983). Specifically, this court has held as follows:
“When an agreement between the parties provides for the payment of periodic alimony, and this agreement is adopted by the court in its decree, the provision for periodic alimony becomes merged into the decree and thereby loses its contractual nature, at least to the extent that the court has the power to modify it when changed circumstances so justify. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967). See Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App.1983). No agreement of the parties can remove the court’s power to so modify the judgment. Block, supra.”
Kirkpatrick, 500 So.2d at 11. The trial court ratified, adopted, and incorporated into the divorce judgment the parties’ 1989 agreement. Therefore, we conclude that trial court had the jurisdiction to modify the husband’s periodic alimony obligation. Moreover, because the 1989 agreement was incorporated into the divorce judgment, the agreement lost its contractual nature, and the trial court’s modification of the husband’s periodic alimony obligation neither impaired an contractual obligation nor violated the Alabama Constitution of 1901 or the United States Constitution.
The wife also argues that the husband failed to establish that a material and sub *952 stantial change had occurred since the last modification.
The award of periodic alimony may be modified upon the showing of a material change in circumstances. Swain v. Swain, 660 So.2d 1356 (Ala.Civ.App.1995). In making its determination, the trial court should consider such factors as the recipient spouse’s, financial needs, the amount of the estate of each spouse, the ability of the payor spouse to respond to the recipient spouse’s needs, the ability of each spouse to earn income, and the remarriage of either party. Id. The burden is on the party seeking the modification to show that a material change in circumstances has occurred. Swain. A decision to modify periodic alimony lies within the discretion of the trial court, and its judgment will not be reversed on appeal unless a palpable abuse of that discretion is shown. Swain.
At the time of the hearing, the husband was retired from both the United States Air Force and the Alabama Power Company. He has also been declared permanently and totally disabled by the Social Security Administration. The husband suffered a stroke in 1995, and as a result of the stroke, he suffers numbness and pain on the left side of his body, extending from the top of his head to his feet. The husband also suffers numbness on one side of his tongue, because of which he attended speech therapy to be able to speak.
The husband’s neurologist testified by deposition that the husband suffered damage to his brain as a result of the stroke and that his left-side numbness and pain are permanent. Both the husband and his doctor testified that because of the husband’s disabilities, he cannot work. The husband takes 13 different medications each day. He testified that the combination of the medications causes him to take several naps every day. The husband testified that he tires easily, cannot sit for any length of time because of the pain and numbness in his left leg, and cannot concentrate because of his medications.
The husband receives $1,365 per month in military retirement benefits, $317 per month in retirement benefits from Alabama Power, and $1,139 per month in Social Security disability benefits. The husband and his current wife have living expenses of $5,543.94 per month. His current wife testified that it takes the husband’s retirement benefits, his disability benefits, and her salary to pay their living expenses and that after paying their expenses, they have $38 per month to purchase clothing, to purchase gifts, to eat out, or to go to the movies. The husband testified that his only asset is his pickup truck.
The wife testified that since the divorce, she has sold the marital home and has purchased a new home. She stated that she has equity of $111,000 in her new home, has $9,000 in a savings account, has 20 shares of stock in the Southern Company, has $15,000 in an IRA account, and has $8,000 in another IRA account. The wife is currently employed and earns approximately $23,000 per year.
Based upon our review of the record, we conclude that the trial court did not abuse its discretion in reducing the husband’s periodic alimony obligation.
The judgment of the trial court is affirmed. The husband’s motion for an attorney fee is granted in the amount of $1,000. His motion for sanctions is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.