James R. Murphy and Mary J. Murphy Benvenuto divorced in April 1998. Incorporated into the parties' final judgment of divorce was a settlement agreement that provided as follows:
 "11. [Benvenuto] shall be awarded $1,500.00 per month as periodic alimony. The award of periodic alimony shall not be taxable to the payee spouse nor deductible to the payor spouse."
On November 8, 1999, the parties executed an agreement purporting to modify the amount of alimony; that agreement provided:
 "1. That the current agreement requiring [Murphy] to pay [Benvenuto] $1,500.00 per month as periodic alimony will be terminated in the event that [Benvenuto] marries a person other than [Murphy]. The parties stipulate that in no event shall this agreement take force prior to January 1, 2000, and until such date, the amount of alimony shall remain $1,500.00 per month.
 "2. That upon the marriage of [Benvenuto], [Murphy] agrees to pay [Benvenuto] the amount of $300.00 per month directly, and these payments shall continue for the remainder of her natural life.
 "3. That this money is to be used for the support, maintenance, and general maintenance and for the health of [Benvenuto] during her lifetime; however, [Benvenuto] agrees to deposit [in an account separate from her estate which upon her death any monies therein would be paid to Murphy] any money not so used.
". . . .
 "Either party will have the option to petition the Circuit Court of Russell County, Alabama for modification of the agreement of the parties, upon, and in the event of the marriage of [Benvenuto], with a motion that the same be incorporated into the Final Judgment of Divorce as though fully set out therein."
Benvenuto remarried on December 1, 1999. Murphy paid Benvenuto $300.00 per month from January 2000 until June 2001. On September 20, 2001, Benvenuto petitioned the Russell Circuit Court to modify the final judgment of divorce to reflect the incorporation into the judgment of the *Page 92 
agreement to modify alimony in the event of remarriage. On October 11, 2001, Murphy filed an answer and a motion to dismiss the petition. The circuit court conducted a hearing and issued an order on August 12, 2002; that order stated:
 "The parties appeared before the court on May 1, 2002 for hearing in this cause. Upon consideration of the pleadings and testimony, comes now the court and finds as follows:
 "The parties were divorced by order of this court of April 14, 1998. Pursuant to the order of divorce, [Murphy] was to pay to [Benvenuto] the sum of $1500.00 per month as periodic alimony. That subsequent to the decree of divorce the parties entered into an agreement whereby [Murphy] would reduce periodic alimony to the sum of $300.00 per month upon the remarriage of [Benvenuto]. The court therefor[e] finds that upon [Benvenuto's] remarriage [Murphy's] obligation would be reduced by a sum of $1200.00 per month thereby creating a net gain to [Murphy] of the sum of $1200.00 per month should [Benvenuto] remarry. Therefore, it is the order of this court that an integrated bargain now exists between the parties and it is ordered, adjudged, and decreed
 "That permanent periodic alimony to be paid by [Murphy] to [Benvenuto] is set at $300.00 per month as of the date of [Benvenuto's] remarriage."[1]
(C.R. 92.)
Murphy appealed the circuit court's order to the Court of Civil Appeals; that court affirmed, without an opinion. Murphy v.Benvenuto, 886 So.2d 97 (Ala.Civ.App. 2003). Murphy petitioned this Court for a writ of certiorari. This Court issued the writ to address the sole question whether, in light § 30-2-55, Ala. Code 1975, the circuit court could incorporate into the divorce judgment the parties' agreement that Murphy would continue paying Benvenuto periodic alimony after her remarriage.
 Standard of Review "The award of periodic alimony may be modified by the trial court upon the showing of a material change in circumstances. Marshall v. Marshall, 622 So.2d 390
(Ala.Civ.App. 1993). In making its determination, the trial court should consider such factors as the recipient spouse's financial needs, the amount of the estate of each spouse, the ability of the payor spouse to respond to the recipient spouse's needs, the ability of each spouse to earn income, and the remarriage of either party. Marshall. The burden is on the party seeking the modification to show that a material change in circumstances has occurred. Marshall. A decision to modify periodic alimony lies within the discretion of the trial court and will not be set aside on appeal unless a palpable abuse of that discretion is shown. Maddox v. Maddox, 612 So.2d 1222 (Ala.Civ.App. 1992)."
Swain v. Swain, 660 So.2d 1356, 1356-57 (Ala.Civ.App. 1995).
 "The trial judge made his ruling following a hearing at which he heard testimony from the parties. Where evidence is presented to the trial court ore tenus
in a nonjury case, a presumption of correctness exists as to the court's conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Odom v. Hull, *Page 93 658 So.2d 442 (Ala. 1995). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court's judgment. Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415 (Ala. 1994). . . . [T]he proper interpretation [of terms in the parties' divorce agreement] is a question of law. Thus, we review de novo the trial court's ruling on that issue and the judgment of the Court of Civil Appeals. Justice v. Arab Lumber Supply, Inc., 533 So.2d 538 (Ala. 1988)."
Ex parte Agee, 669 So.2d 102, 104 (Ala. 1995).
 Issue and Analysis
Murphy contends that the Court of Civil Appeals' holding affirming the circuit court's enforcement of the post-divorce agreement between Murphy and Benvenuto continuing Murphy's payment of periodic alimony after Benvenuto's remarriage conflicts with the holding in Oliver v. Oliver, 431 So.2d 1271
(Ala.Civ.App. 1983), and with § 30-2-55, Ala. Code 1975.
Section 30-2-55, Ala. Code 1975, provides:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex. This provision shall be applicable to any person granted a decree of divorce either prior to April 28, 1978, or thereafter; provided, however, that no payments of alimony already received shall have to be reimbursed."
In Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App. 1983), the Court of Civil Appeals addressed similar circumstances. The parties had executed an agreement modifying and reducing alimony, which purported to extend the husband's payment of alimony after the remarriage of the wife. The court affirmed the judgment of the circuit court terminating the periodic alimony in light of the wife's remarriage, stating:
 "Section 30-2-55 directs modification of a divorce decree providing for periodic alimony upon proof of the remarriage of the spouse receiving it. The statute as it now appears was enacted under express authority of amendment 390 to the Constitution of Alabama. The final issue in this case is whether the statute applies if the decree awarding periodic alimony incorporates an express agreement of the parties that such payments shall continue after marriage.
 "The wife has presented contentions that § 30-2-55 if applied to cases involving agreements of the parties, is unconstitutional in that it impairs the obligations of a contract and denies due process. We will not discuss these contentions in any length. We find them inapplicable to this case.
 "It has long been held in this state that if the parties to a divorce proceeding have entered into an agreement in anticipation thereof and request that its provisions in full or in part be included in the decree of the court, such agreement, if incorporated, loses its contractual nature insofar as the right to modify it is concerned. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969). This court has said that if there is an agreement between the parties and it is not merged or superseded by the decree of the court, it remains a contract between the parties and may be enforced as any other contract. However, any part of the agreement which is merged in the *Page 94 
decree is subject to the equity power of the court and is no longer of a contractual nature. East v. East, 395 So.2d 78 (Ala.Civ.App. 1980), cert. denied, 395 So.2d 82 (Ala. 1981).
 "By adoption of amendment 390 to the constitution and enactment of § 30-2-55, it has become the law and thus the public policy of this state that periodic alimony decreed by the court, which always has been modifiable upon a showing of changed circumstances, Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App. 1977), is now to be terminated upon remarriage of the spouse receiving it. Such law and public policy is consistent with our jurisprudence. Divorce was not a common law right. It is purely statutory. The power to award alimony is also purely statutory. Ivey v. Ivey, 378 So.2d 1151 (Ala.Civ.App. 1979). Alimony is derived only through the authority of statute and the exercise of the discretion of the trial judge. Therefore, what the legislature has granted it may take away. It has chosen to limit the discretion of the court by directing that an award of alimony in a prior decree be terminated by the court upon proof that the receiving spouse has remarried. It is well within the power of the legislature to do so.
 "It is not the purpose of this decision to speak in any manner to contracts between husband and wife regarding any matters pertaining to their marital interests so long as they are not included in a decree of divorce. It must be recognized however that all matters related to a marriage may come within the authority of the court sitting in equity when the parties submit themselves to its jurisdiction by the filing of a suit for divorce. Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967). Any agreement previously made may be accepted or rejected in full or in part as the court determines just and equitable."
431 So.2d at 1275-76.
Here, when Murphy and Benvenuto executed the agreement to reduce Murphy's periodic-alimony payments after her remarriage, the agreement was contractual in nature and could be enforced like any other contract. However, when Benvenuto petitioned the Russell Circuit Court to incorporate the agreement into the divorce judgment, the agreement lost its contractual nature and became subject to the equity power of the court. Additionally, the language of the agreement, stating that either party could petition the court to incorporate the agreement into the divorce judgment indicates the parties' intent that the agreement, at any time, could merge into the divorce judgment and not stand as an independent agreement. Consequently, when the agreement became subject to the equity power of the court, it became incumbent upon the court to follow the mandates of § 30-2-55, Ala. Code 1975. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967). As Presiding Judge Wright stated in his dissent in Harrison v.Harrison, 514 So.2d 1026, 1030 (Ala.Civ.App. 1986):
 "If there were no merger of the provisions requiring payment of periodic alimony, there could be no enforcement of the payment as ordered by the court. The granting of periodic alimony is solely within the province of the discretion of the court. By definition, periodic alimony is a creature of the court, not the agreement of the parties. The parties may agree that it shall not be modified if granted, but the court may not abdicate its authority to modify. Neither may the court refuse to exercise its authority to modify when directed by statute. Block [v. Block, 281 Ala. 214, 201 So.2d 51 (1967)]." *Page 95 
Evidence was presented at the hearing indicating Benvenuto had remarried; the circuit court exceeded the scope of its authority by ordering Murphy to pay Benvenuto periodic alimony after her remarriage.
 Conclusion
Applying the principles of law set forth in Oliver, we hold that the circuit court exceeded the scope of its authority in ordering Murphy to pay alimony after Benvenuto had remarried, and the Court of Civil Appeals erred in affirming its judgment. The judgment of the Court of Civil Appeals is reversed, and the case is remanded for further proceedings in light of this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, BROWN, and WOODALL, JJ., concur.
HARWOOD, J., concurs in the rationale in part and concurs in the result.
LYONS, J., dissents.
[1] We note that the agreement provided that Murphy would pay Benvenuto $1,500 per month until January 1, 2000, at which time, in the event of Benvenuto's remarriage, that amount would be reduced to $300. Benvenuto remarried on December 1, 1999.