THOMAS, Judge.
 

 Gloria J. Hoegh filed an action contesting the will of Willie L. Turks, her alleged aunt. Robert Burton is the executor of Turks’s estate. In March 2003, the Macon County Probate Court dismissed her will-contest action, finding that Hoegh had not proved that she had standing to challenge the will. Hoegh appealed the probate court’s dismissal of her action to the Macon Circuit Court on April 21, 2003. On April 6, 2006, the Macon Circuit Court dismissed Hoegh’s appeal. Hoegh appealed the circuit court’s dismissal to this court, which transferred the appeal to the supreme court, which then transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6). That appeal was assigned case number 2050696. On motion of the appellee, we dismissed the appeal as untimely because Hoegh’s appeal was filed on May 24, 2006, outside the 42-day period for filing an appeal. Hoegh sought a rehearing of our dismissal, which we denied. The certificate of judgment in case number 2050696 issued on October 10, 2006.
 

 On October 23, 2006, Hoegh filed in the circuit court a motion pursuant to Rule 60(b), Ala. R. Civ. P. She amended her motion on June 7, 2007. Burton responded with several pleadings and motions, including one seeking an award of an attorney fee under the Alabama Litigation Accountability Act (“ALAA”), Ala. Code 1975, § 12-19-270 et seq., and pointing out that the circuit court had never ruled on his “Motion for Affirmative Relief,” in which he requested that Hoegh be made to return property she had removed from the decedent’s home and to pay damages for any damage that may have resulted to the property. The circuit court denied Hoegh’s Rule 60(b) motion on November 20, 2007. In its judgment, the circuit court retained jurisdiction over remaining “matters which are properly pending before this court.” Hoegh sought “rehearing” or “reconsideration” of the circuit court’s denial on November 29, 2007; the circuit court denied that motion on December 20, 2007. Hoegh appealed to this court on December 28, 2007; we transferred the appeal to the supreme court because we lacked subject-matter jurisdiction, and the supreme court, in turn, transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 Although neither party raises the issue of jurisdiction to this court, we take notice of the lack of jurisdiction
 
 ex mero motu. See Decker v. Decker,
 
 984 So.2d 1216, 1219 (Ala.Civ.App.2007). An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2;
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 
 Bean,
 
 557 So.2d at 1253.
 

 The circuit court’s judgment reserves jurisdiction over “matters which are
 
 *913
 
 properly pending before this court,” which include not only Burton’s ALAA claim, which, alone, might not prevent the judgment from being final,
 
 see Meek v. Diversified Prods. Corp., 575
 
 So.2d 1100, 1101, 1108 (Ala.1991) (indicating that a party may appeal from a final judgment despite the fact that the trial court has reserved jurisdiction to consider an ALAA claim), but also a claim seeking the return of property removed from the decedent’s home by Hoegh and/or damages for any damage done to that property by Hoegh. That particular claim, which appears to be a detinue claim, has not been adjudicated. Accordingly, because the judgment does not resolve all issues or determine the rights and liabilities of all the parties and because the record does not contain a Rule 54(b) certification, the judgment is not final and will not support an appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.