THOMAS, Judge.
Tina Taylor Adkins (“the former wife”) appeals from a summary judgment in favor of William Keith Adkins (“the former husband”) on the former wife’s contempt motion and from the denial of the former wife’s Rule 60(b)(3), Ala. R. Civ. P., motion. We affirm in part and dismiss in part.
*1073 The former husband and the former wife were divorced in December 2005. The parties entered into an agreement, which the trial court incorporated into its divorce judgment.
The section of the divorce judgment concerning alimony states:
“[The former husband] shall pay to [the former wife], as periodic alimony, and not as alimony in gross and not as a property settlement, the sum of $700.00 per month commencing December 5, 2005 and continuing monthly thereafter until February 5, 2010. Additionally, [the former husband] shall pay to [the former wife], as periodic alimony, and not as alimony in gross and not as a property settlement, a sum of $7,000.00 per month beginning the 5th day of December, 2005, and payments shall continue for a period of 284 months or until [the former wife] reaches the age of sixty-five (65) years or dies, whichever event first occurs. Said periodic alimony payments are specifically intended to survive remarriage and/or cohabitation ....
“Should circumstances occur that affect [the former husband’s] ability to practice medicine as he currently does, [the former husband] may seek modification of said periodic alimony. Said modification in the amount of periodic alimony due and payable to [the former wife] must be done via a formal modification through a Court of appropriate jurisdiction or as otherwise provided by law.
“The aforementioned periodic alimony is for a fixed amount and is to be distributed in equal monthly increments and modifiable only as mentioned heretofore. Said periodic alimony shall be includable income to [the former wife] and deductible by [the former husband] for income tax purposes.”
In January 2006, the former wife remarried. In July 2006, the former husband discovered that the former wife had remarried and stopped paying alimony to the former wife. That same month, the former wife moved the trial court to hold the former husband in contempt for his failure to pay alimony.[1] The former husband answered and counterclaimed, alleging that the former wife was in contempt for failing to pay the mortgage on the marital residence.[2] On February 5, 2007, the former husband moved the trial court for a summary judgment, alleging that the alimony payments described in the parties’ agreement represented periodic alimony and that, therefore, his obligation to pay alimony necessarily terminated when the former wife remarried. The trial court denied the former husband’s motion.
On June 20, 2007, the former wife moved the trial court, pursuant to Rule 60(b)(3), to set aside the divorce judgment, alleging that the alimony provisions in the divorce judgment were the product of fraud. The former husband moved the trial court to dismiss the former wife’s Rule 60(b)(3) motion, arguing that the motion had not been timely filed. On September 8, 2008, the trial court granted the former husband’s motion and dismissed the former wife’s Rule 60(b)(3) motion.
On July 16, 2008, the former husband again moved the trial court for a summary judgment on the former wife’s contempt claim, arguing that the alimony provisions in the divorce judgment awarded the for *1074 mer wife periodic alimony and not alimony in gross. The former wife responded to the former husband’s motion, and, on September 9, 2008, the trial court held a hearing on the former husband’s summary-judgment motion. On October 22, 2008, the trial court entered a summary judgment in favor of the former husband on the former wife’s contempt claim. The trial court determined that the alimony provisions in the divorce judgment awarded the former wife periodic alimony and that the former husband’s obligation to pay alimony terminated when the former wife remarried. The former wife filed a Rule 59(e), Ala. R. Civ. P., postjudgment motion to vacate the summary judgment; however, the trial court dismissed the former wife’s postjudgment motion, determining that the summary judgment was not a final judgment because there were other issues that remained pending before the trial court. On January 22, 2009, the trial court entered a judgment disposing of the remaining issues pending in the trial court. The former wife then filed a Rule 59(e) postjudgment motion, requesting that the trial court vacate its summary judgment and its denial of the former wife’s Rule 60(b)(3) motion. On April 9, 2009, the trial court denied the former wife’s post-judgment motion. The former wife subsequently appealed to this court.
“We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing ‘that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.’ Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, ‘the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by “substantial evidence.” ’ Lee, 592 So.2d at 1038 (footnote omitted). ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). Furthermore, when reviewing a summary judgment, the appellate court must view all the evidence in a light most favorable to the nonmovant and must entertain all reasonable inferences from the evidence that a jury would be entitled to draw. See Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala.2000); and Fuqua v. Ingersoll-Rand Co., 591 So.2d 486, 487 (Ala.1991).”
Lambert v. Mazer Discount Home Ctrs., Inc., 33 So.3d 18, 22 (Ala.Civ.App.2009).
As an initial matter, we note that the issues raised by the former wife in relation to the trial court’s denial of her Rule 60(b) motion need not be considered, because the former wife’s appeal from the trial court’s denial of her Rule 60(b) motion is untimely. Although neither party addresses this court’s jurisdiction over this appeal, we may take notice of a lack of jurisdiction ex mero motu. See Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69 (Ala.Civ.App.2003), abrogated on other grounds by F.G. v. State Dep’t of Human Res., 988 So.2d 555 (Ala.Civ.App.2007). “The timely filing of a notice of appeal is a jurisdictional act.” Durr v. Durr, 961 So.2d 139, 140 (Ala.Civ.App.2006) (citing Gunnison-Mack v. State Pers. Bd., 923 So.2d 319, 320 (Ala.Civ.App.2005)). The trial court denied the former wife’s Rule *1075 60(b) motion on September 8, 2008, and, on January 22, 2009, it entered a final judgment disposing of all remaining.claims in the case. The former wife then filed a Rule 59(e) motion requesting that the trial court alter, amend, or vacate its denial of her Rule 60(b) motion and its summary judgment in favor of the former husband on the former wife’s contempt claim. However,
“[ajfter a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal.”
Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998). Thus, the former wife’s filing of her Rule 59(e) motion did not suspend the 42-day period for filing a notice of appeal from the trial court’s denial of the former wife’s Rule 60(b) motion. The former wife did not file her notice of appeal until after the expiration of the 42-day appeal period provided under Rule 4(a)(1), Ala. R.App. P.[3] Because the former wife’s appeal of the trial court’s denial of her Rule 60(b) motion is not timely, we dismiss that portion of the former wife’s appeal.
The former wife argues that the former husband’s alimony obligation in the divorce judgment survived her remarriage. Alimony in gross survives the remarriage of the recipient spouse. However, when the parties’ agreement as to alimony has been incorporated into the divorce judgment, periodic alimony terminates on remarriage of the recipient spouse. Ala.Code 1975, § 30-2-55.[4] This is true even in cases in which the parties have expressly stated their intent that the periodic-alimony payments will survive the remarriage of the recipient spouse. See Ex parte Murphy, 886 So.2d 90, 94 (Ala.2003) (holding that, when a divorce agreement is incorporated into the divorce judgment, the trial court must follow the mandates of § 30-2-55).
First, we must determine whether the parties’ settlement agreement, including their agreement as to alimony, was incorporated into the divorce judgment or if their agreement as to alimony was a separate contractual obligation.
In Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App.1983), this court held that the husband could terminate his periodic-alimony obligation after the wife’s remarriage in *1076 spite of an agreement to the contrary that was incorporated into their divorce judgment. This court held that the agreement had been merged into the divorce judgment and, therefore, that the periodic alimony obligation was terminable upon the wife’s remarriage.
In Harrison v. Harrison, 514 So.2d 1026 (Ala.Civ.App.1986), the parties specified that their agreement to continue the payment of periodic alimony to the wife after her remarriage was to be a contractual obligation and not part of any court order or judgment. Therefore, this court held that, because the husband’s obligation was contractual and not merged into the divorce judgment, it could be enforced without reference to § 30-2-55.
In Ex parte Murphy, supra, the parties reached a modification agreement pursuant to which the husband would continue to pay periodic alimony, albeit at a reduced rate, after the wife’s remarriage. However, that agreement specified that it could be incorporated into a judgment by a court upon petition by either party; the agreement was subsequently incorporated into a judgment modifying the parties’ divorce judgment. Our supreme court held that the agreement did not maintain its contractual nature; the incorporation of that agreement into a modification judgment invoked the powers of the court, and, therefore, § 30-2-55 prevented the wife’s continued receipt of periodic alimony after her remarriage.
In this case, the parties did not expressly agree that the provisions in their settlement agreement would survive any judgment of divorce or that the alimony provisions would retain their separate contractual nature despite the entry of a judgment of divorce, as was stated in Harrison v. Harrison, supra. Thus, this case is distinguishable from Harrison and this case is governed by Oliver v. Oliver, supra, and Ex parte Murphy, supra. As a result, the alimony provisions at issue are subject to § 30-2-55.
Next, we must determine whether the alimony provisions in question provided for an award of periodic alimony or alimony in gross.
“ ‘Our supreme court has explained the difference between periodic alimony and alimony in gross. Alimony in gross is considered “compensation for the [recipient spouse’s] inchoate marital rights [and] ... may also represent a division of the fruits of the marriage where liquidation of a couple’s jointly owned assets is not practicable.” An alimony-in-gross award “must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.” It must also be payable out of the present estate of the paying spouse as it exists at the time of the divorce. In other words, alimony in gross is a form of property settlement. An alimony-in-gross award is generally not modifiable.
“ ‘Periodic alimony, on the other hand, “is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].” Its purpose “is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage.” Periodic alimony is modifiable based upon changes in the parties’ financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying *1077 spouse, or an increase in the income of the recipient spouse. The paying spouse’s duty to pay periodic alimony may be terminated by petition and proof that the recipient spouse has remarried or is cohabiting with a member of the opposite sex.’ ”
Lambert v. Lambert, 22 So.3d 480, 485 (Ala.Civ.App.2008) (quoting TenEyck v. TenEyck, 885 So.2d 146, 151-52 (Ala.Civ.App.2003) (emphasis omitted)). Additionally, “ ‘[t]he intent to award alimony in gross should be unequivocally expressed or necessarily inferred from the language used.’ ” Trammell v. Trammell, 523 So.2d 437, 439 (Ala.Civ.App.1988) (quoting Banks v. Banks, 336 So.2d 1365, 1367 (Ala.Civ.App.1976)).
In this case, the award in the divorce judgment is clearly denominated “periodic alimony, and not as alimony in gross and not as a property settlement.” The payments are also clearly linked to the former husband’s future earnings, as they are subject to future modification if his earnings decrease. Because the alimony payments are modifiable based on a change in the former husband’s future income, the former wife’s right to alimony was not vested. Thus, the payments cannot be considered alimony in gross. See Boley v. Boley, 589 So.2d 1297, 1299 (Ala.Civ.App.1991)(“To constitute alimony in gross, the time and amount of payment must be certain, and the right to alimony must be nonmodifiable, or vested.” (citing Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974))). The payments are also designated as taxable income to the former wife and tax deductible for the former husband, as is the case with periodic alimony. See generally Kelley v. State Dep’t of Revenue, 796 So.2d 1114 (Ala.Civ.App.2000) (discussing the relative tax treatment of periodic alimony and alimony in gross). The alimony provisions do contain a beginning date and a termination date, however, “[t]he existence of a termination date does not make the award alimony in gross.” Trammell v. Trammell, 523 So.2d at 439 (citing Barran v. Barran, 431 So.2d 1278 (Ala.Civ.App.1983)). Thus, the only reasonable interpretation of the alimony provisions in the divorce judgment is that they contain an award of periodic alimony.
Because the alimony provisions in the parties’ agreement were incorporated into the divorce judgment and because they represent, as a matter of law, an award of periodic alimony, the trial court did not err in entering a summary judgment in favor of the former husband.
The former husband’s request for attorneys’ fees on appeal is denied.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. The former wife also sought other relief in her motion, none of which is at issue in this appeal.

. None of the issues raised in the former husband’s counterclaim are at issue in this appeal.

. The former- wife's appeal from the trial court’s denial of her Rule 60(b) motion was not timely regardless of whether the period in which to appeal began on September 8, 2008, or January 22, 2009. Therefore, we need not decide whether the time for filing her appeal ran from the trial court's September 8, 2008, denial of the wife’s Rule 60(b) motion or from the entry of its January 22, 2009, judgment.
"[T]he denial of a Rule 60(b) motion is an appealable order. See, e.g., Ex parte Dowling, 477 So.2d 400, 403-04 (Ala.1985). 'Unless otherwise provided by law, appeals lie only from final orders or judgments. Wolf v. Smith, 414 So.2d 129, 130 (Ala.Civ.App.1982). It follows, then, that the denial of a Rule 60(b) motion, because it is appeal-able, is a final order.” Ex parte King, 821 So.2d 205, 209 (Ala.2001). But see Hoegh v. Burton, 3 So.3d 911, 912-13 (Ala.Civ.App.2008) (holding that the denial of a Rule 60(b) motion was not a final judgment where other matters remained pending before the trial court).

. Section 30-2-55 provides, in pertinent part:
"Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.”