MOORE, Judge.
On February 14, 2013, Samuel L. Jones, the mayor of the City of Mobile, dismissed Angela Wright from her employment as a dispatcher for the City of Mobile Police Department. Wright appealed to the Mobile County Personnel Board, which upheld Wright’s dismissal. Wright then appealed to the Mobile Circuit Court (“the trial court”), which, by a judgment entered on September 20, 2013, reduced Wright’s dismissal to a suspension for 30 days without pay and ordered that Wright be reinstated to her employment. After the trial court denied her postjudgment motion, Wright appealed to this court; this court affirmed the judgment of the trial court. See Wright v. City of Mobile, 170 So.3d 656 (Ala.Civ.App.2014).
While the earlier appeal in this court was pending, this court granted Wright’s motion for leave to file a Rule 60(b), Ala. R. Civ. P., motion in the trial court. See Rule 60(b) and Jenkins v. Covington, 939 So.2d 31, 34 (Ala.Civ.App.2006) (holding that appellant must obtain leave from appellate court in order to file Rule 60(b) motion in trial court when appeal is pending). On September 30, 2014, Wright filed a motion in the trial court requesting the trial court to set aside its judgment based on newly discovered evidence, see Rule 60(b)(2), because of the alleged misconduct of an adverse party, see Rule 60(b)(3), because the judgment was allegedly void, see Rule 60(b)(4), and for “any other reason justifying relief from the operation of the judgment,” see Rule 60(b)(6). On October 7, 2014, the trial court denied Wright’s motion without expressing its reasons for doing so. Wright filed a motion to alter, amend, or vacate the order, which the trial court purported to deny on November 6, 2014. Wright then appealed to this court on December 17,2014.
“Although neither party addresses this court’s jurisdiction over this appeal, we may take notice of a lack of jurisdiction ex mero motu. See Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69 (Ala.Civ.App.2003), abrogated on other grounds by F.G. v. State Dep’t of Human Res., 988 So.2d 555 (Ala.Civ.App.2007). ‘The timely filing of a notice of appeal is a jurisdictional act.’ Durr v. Durr, 961 So.2d 139, 140 (Ala.Civ.App.2006) (citing Gunnison-Mack v. State Pers. Bd., 923 So.2d 319, 320 (Ala.Civ.App.2005)).”
Adkins v. Adkins, 61 So.3d 1071, 1074 (Ala.Civ.App.2010). In this case, the trial court denied Wright’s Rule 60(b) motion by a final judgment entered on October 7, 2014. Wright then filed a motion cognizar ble under Rule 59(e), Ala. R. Civ. P., requesting that the trial court alter, amend, or vacate its denial of her Rule 60(b) motion. However,
“ ‘[ajfter a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to “reconsider” or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal.’ ”
Adkins, 61 So.3d at 1075 (quoting Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998)).
*9 Wright’s filing of her Rule 59(e) motion did not suspend the time for filing a notice of appeal from the trial court’s denial of her Rule 60(b) motion, which occurred on October 7, 2014. Wright did not file her. notice of appeal until December 17, 2014, after the expiration of the 42-day appeal period provided under Rule 4(a)(1), Ala. R.App. P. Because Wright’s appeal of the trial court’s denial of her Rule 60(b) motion is not timely, we dismiss her appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.