Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

———————————————

### CL-2024-0461

———————————————

### B.B.

### v.

### Shelby County Department of Human Resources, B.G., and T.H.

### Appeal from Shelby Juvenile Court
### (JU-16-425.06)

HANSON, Judge.

B.B. appeals from the judgment of the Shelby Juvenile Court ("the juvenile court") "dismissing" B.B.'s Rule 60(b), Ala. R. Civ. P., motion seeking relief from a dependency judgment, thereby effectively denying that motion. We dismiss B.B.'s appeal.

Facts and Procedural History

K.J.G. ("the child"), who was the subject of the dependency judgment, was born in 2010 to T.H. ("the mother"), who was single. B.G. signed an acknowledgment of the child's paternity in 2010. The Alabama Center for Health Statistics issued a birth certificate in 2010 naming B.G. as the father of the child.

In May 2016, the Shelby County Department of Human Resources ("DHR") received a report regarding the child. Based on the report, five separate petitions seeking to declare the child dependent were filed by B.G., DHR, D.C. (a maternal aunt), L.G. (a maternal relative), and S.G. (a paternal relative) in the juvenile court and were assigned case numbers JU-16-425.01; JU-16-425.02; JU-16-425.03; JU-16-425.04; and JU-16-425.05, respectively.

On December 2, 2016, the juvenile court held a hearing at which the mother and B.G. stipulated that the child was dependent. On December 6, 2016, the juvenile court entered an order placing custody of the child with the mother and B.G., with certain restrictions to be followed. The juvenile court also dismissed L.G.'s petition (JU-16-425.04) because she had failed to appear at the hearing. The December 6, 2016,

order set the matter for a separate dispositional hearing at a future date. On June 12, 2017, the juvenile court entered an order setting the dispositional hearing for August 25, 2017. On August 25, 2017, the juvenile court entered a final order in each of the four remaining dependency actions, determining that the child was no longer dependent. The juvenile court stated in its judgment that it no longer had jurisdiction over the child and closed the cases.

Subsequently, the mother and B.G. separated. On November 26, 2017, the mother filed a child-support petition in Shelby County that was assigned case number CS-17-900241, the mother sought to address custody, visitation, and child support. On June 5, 2018, the mother and B.G. filed an agreement in CS-17-900241 providing for joint legal custody, with the mother having sole physical custody and B.G. having visitation. The agreement provided that B.G. would pay child support. On February 4, 2019, the juvenile court entered a final judgment adopting the parties' agreement.

On July 21, 2021, B.B. filed an action in the child-support division of the Shelby Juvenile Court, which was given case number CS-21-900133, and which named the mother and B.G. as defendants. B.B.

3

challenged the validity of the acknowledgment of paternity executed by B.G. in 2010. B.B. sought (1) to be adjudicated as the legal father of the child because, he acknowledged, the acknowledgment of paternity was based on fraud; (2) to be awarded joint physical custody of the child or, in the alternative, to be awarded visitation; (3) to be named as the father of the child on the child's birth certificate; and (4) to change the child's last name to B.B.'s last name. On September 14, 2021, B.B. filed a petition in the domestic-relations division of Shelby Circuit Court ("the circuit court"), which was assigned case number DR-21-154. B.B.'s domestic-relations petition was substantially similar to his petition filed in the child-support division (CS-21-900133). The child-support action and the domestic-relations action were consolidated for scheduling purposes. The guardian ad litem for the child filed a motion to dismiss both of B.B.'s petitions. On December 26, 2023, the juvenile court entered a judgment dismissing with prejudice the child-support petition filed by B.B. in case number CS-21-900133. In its judgment, the juvenile court stated:

> "The court finds Defendant [B.G.] has
>
> "A. Established a father-child relationship with the child herein pursuant to Ala. Code [1975,] § 26-17-201(b)(1) ([B.G.] is the only presumed father herein (See Ala. Code [1975,] § 26-17 204(a)(5));

"B. Effectively acknowledged paternity, the same not having been rescinded or challenged by [B.G.], pursuant to Ala. Code [1975,] § 26-17-201(b)(2) ([B.G.] signed an Acknowledgment of Paternity the day after the child's birth and said Acknowledgment was filed with the Alabama Department of Vital Statistics (See Ala. Code [1975,] § 24-17-305 through 308)); and

"C. On February [4], 2019, been adjudicated (in the instant case) to be the legal father of the child herein. See Ala. Code [1975,] § 26-17-201(b)(3) ….

"Therefore, the Guardian Ad Litem's Motion to Dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P, is due to be and is hereby GRANTED.

"Furthermore, the court finds the Guardian Ad Litem's Motion to Dismiss, pursuant to Rule 12(b)(1), Ala. R. Civ. P., is due to be and is hereby GRANTED as [B.B.] lacks standing to bring this action (only the presumed father herein, [B.G.], who has persisted in his status, may bring such an action (See Ala. Code [1975,] § 26-17-607(a)).

"[B.B.] is hereby Ordered to pay all expenses and fees of the Guardian Ad Litem herein. The parties hereto are Ordered to pay and be responsible for their own attorney fees."

That same day, the circuit court entered a similar judgment dismissing with prejudice the domestic-relations petition in case number DR-2021-154. On January 17, 2024, B.B. filed a motion to alter, amend, or vacate the judgments, or, in the alternative, a Rule 60(b) motion for relief from the judgments in both the child-support and domestic-relations cases. On

February 15, 2024, orders were entered denying the postjudgment motions. B.B. did not appeal from the judgments of dismissal in case number CS-21-900133 or DR-21-154.

On March 3, 2024, B.B., invoking Rule 60(b), filed a motion[1] seeking relief, which filing is the subject of this appeal. B.B.'s filing was docketed with a new case number, JU-16-425.06. In that motion, B.B. sought relief from the order entered on December 6, 2016, in the dependency actions involving the child that had found the child dependent and had granted custody to the mother and B.G. B.B. alleged that he was the biological father of the child; that B.B. should have been made a party to the 2016 dependency actions; that the mother and B.G. had committed fraud and perjury when B.G. had signed the acknowledgment of paternity in 2010; and that B.B. was the child's presumed father under § 26-17-204, Ala. Code 1975.

On April 29, 2024, the mother filed a motion to dismiss, asserting that B.B. was not a party to any of the proceedings in the juvenile court

---

[1]Although the juvenile court docketed B.B.'s filing separately from the underlying actions, B.B. has consistently treated his March 3, 2024, motion as a motion seeking relief purportedly cognizable under Rule 60(b)(1) through (6), Ala. R. Civ. P., and not as an independent action, both before and after his appeal.

in cases JU-16-425.01 through .05; that B.B. lacked standing to challenge the juvenile court's orders; that B.B. had raised the same issues in 2021 in CS-2021-900133.00 and DR-2021-154.00 and was now precluded from raising the same issues; that B.B. had challenged the underlying judgments based on fraud under Rule 60(b)(3), Ala. R. Civ. P., under which any such challenge was required to be brought within four months of the entry of the pertinent judgment; that if B.B.'s filing constituted an "independent action" contemplated by Rule 60(b) seeking to set aside the 2016 judgment on the basis of fraud, then that action was untimely because the judgment had been entered in 2016 and B.B. had been aware of the acknowledgement of paternity in 2021; and that B.B. was not an indispensable party to the juvenile or dependency cases. That same day, the mother filed a motion to strike certain unverified documents attached to B.B.'s Rule 60(b) motion. B.B. filed a response to the mother's motions, positing that the juvenile court had authority to grant relief upon a motion.

The juvenile court held a hearing on the motions on May 17, 2024. On May 20, 2024, the juvenile court granted the mother's motion to dismiss B.B.'s filing and the mother's motion to strike certain documents

7

attached thereto. On May 23, 2024, B.B. filed a motion to alter, amend, or vacate the May 20, 2024, ruling, arguing that B.G. had never been properly adjudicated as the legal father of the child in the dependency cases. The juvenile court purported to deny that motion on June 6, 2024. On June 19, 2024, B.B. filed a notice of appeal.

Discussion

None of the parties have addressed this court's jurisdiction to consider the appeal. However, jurisdictional issues are of such significance that this court even takes notice of them <u>ex mero motu</u>. <u>Heaston v. Nabors</u>, 889 So. 2d 588, 590 (Ala. Civ. App. 2004).

The underlying case before this court was a case filed in a juvenile court. B.B., therefore, had 14 days, or until June 3, 2024, to appeal from the juvenile court's May 20, 2024, judgment denying his Rule 60(b) motion. Rule 28(D), Ala. R. Juv. P. B.B. filed his notice of appeal on June 19, 2024.

B.B. filed in the juvenile court a purported postjudgment motion on May 23, 2024, asking the juvenile court to revisit its denial of his relief under Rule 60(b) motion. However,

> "'"[a]fter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction

8

> to entertain a successive postjudgment motion to 'reconsider' or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal."'"

Wright v. City of Mobile, 192 So. 3d 7, 8 (Ala. Civ. App. 2015) (quoting Adkins v. Adkins, 61 So. 3d 1071, 1075 (Ala. Civ. App. 2010), quoting in turn Ex parte Keith, 771 So. 2d 1018, 1022 (Ala. 1998)). See also M.E.W. v. J.W., 142 So. 3d 1168, 1173 (Ala. Civ. App. 2013) (holding that juvenile court's order purporting to deny mother's motion to set aside order denying her relief from judgment was a nullity).

In the present case, the juvenile court lacked jurisdiction to consider B.B.'s purported May 23, 2024, postjudgment motion and that motion did not extend the time for taking a timely appeal of the May 20, 2024, judgment. Wright, supra. B.B.'s notice of appeal was filed more than 14 days after the entry of the May 20, 2024, judgment. Therefore, that notice of appeal was untimely filed, and this court lacks jurisdiction to consider the appeal. Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").

APPEAL DISMISSED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.